145 So. 443

## ALABAMA BAPTIST HOSPITAL BOARD v. CARTER.

### 2 Div. 998.

Supreme Court of Alabama.

Dec. 1, 1932.

Rehearing Denied Jan. 27, 1933.

Harry W. Gamble, of Selma, and Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

S. F. Hobbs, of Selma, for appellee.

BROWN, J.

This is an action on the case by the appellee against appellant for damages for personal injuries resulting to the plaintiff from falling while walking down the stairway in defendant's hospital.

The case was tried on count A and the defendant's plea of the general issue, pleaded in short by consent to give in evidence any matters of defense as if specially pleaded.

By appropriate grounds of demurrer, the defendant questioned the sufficiency of count A in two respects, and the overruling of these demurrers constitutes the basis of some of the assignments of error.

The count does not aver in terms that the plaintiff was on the premises of the defendant as an invitee of the defendant, nor that the insufficient lighting of the stairway was in consequence of defendant's negligence, but avers "That on said date plaintiff's husband was a pay patient in said hospital and with full knowledge and implied consent of defendant, or of its agents or employees, while acting within the line and scope of their said agency or employment, the members of the family of any patient in said hospital at any time within the 'visiting hours' posted in said hospital, had been allowed to visit such patient, and to use the certain stairways in said hospital building in so doing, one of which stairways was that being used on the occasion of plaintiff's injuries hereinafter described, and were so allowed on said date; that on said date, within said 'visiting hours,' at about six o'clock in the afternoon, plaintiff was returning to her home after having just visited her said husband, in the room in said hospital which he was then and there occupying as a patient, and that as plaintiff was descending the stairs provided for the use of persons going to the second floor from the first floor, or descending from the second floor to the first floor of said hospital building, *said stairway was not sufficiently lighted to render such use by persons reasonably safe at that hour*, and that as a proximate consequence of the negligence of defendant in failing to have said stairway sufficiently lighted to render such use by persons reasonably safe, plaintiff was caused to fall on the land-

ing of said stairway, and sustained the following described personal injuries," etc. (Italics supplied.)

One of appellant's contentions is that it does not appear from these averments with certainty to a common intent, whether or not the plaintiff was a trespasser, a licensee, or an invitee of the defendant, and therefore on the face of the pleading the court cannot say that defendant owed the plaintiff the duty alleged to have been breached.

Another is, that it is not alleged that the insufficient lighting of the steps was in consequence of negligence on defendant's part; that the complaint does not allege negligence, but at most assumes negligence.

■ It is a well-settled rule of common-law pleading, that to state a cause of action for negligence the averments of the complaint must show that the defendant owed the plaintiff a duty, that there was a breach of such duty, and that as a proximate consequence the plaintiff was damaged. "While general averments as to the breach of the duty such as that the act or omission causing the injury was negligently done or omitted will suffice, a complaint, to withstand appropriate demurrer, must state facts upon which the law raises and *defines* the duty owing from the defendant to the plaintiff, and to this end the facts stated must either relieve the plaintiff of the imputation that he was a wrongdoer, or show that the injury was the result of negligence occurring after the discovery of peril." Stewart v. Smith, 16 Ala. App. 461, 463, 78 So. 724, 726; Walker v. Alabama, Tennessee & Northern Railway Co., 194 Ala. 360, 70 So. 125, 126; Gadsden & Attalla Union Railway Co. v. Julian, Adm'r, 133 Ala. 371, 32 So. 135; Birmingham Ry., L. & P. Co. v. Adams, 146 Ala. 270, 40 So. 385, 119 Am. St. Rep. 27.

■ Another well-settled rule of pleading is that in considering the sufficiency of the averments on demurrer, the court must assume that the pleader has stated his cause as favorably as the case will justify, and its averments will not be aided by implications or intendments, but these will be resolved against him. Walker v. Alabama, Tennessee & Northern Railway Co., 194 Ala. 360, 70 So. 125; Nashville, C. & St. L. Ry. v. Blackwell, 201 Ala. 657, 79 So. 129. To state the rule in different language, but to the same effect, "Pleadings are, on demurrer, to be construed most strongly against the pleader, and must negative every reasonable adverse intendment." Treating the averments as true, yet if a case may be supposed consistent with them, which would render the averment insufficient, such case will be presumed or intended, unless excluded by particular averments. Williams v. Tyler, 14 Ala. App. 606, 71 So. 51; Scharfenburg v. Town of New Decatur, 155 Ala. 654, 47 So. 95; Stewart v. Smith, supra.

■ Another rule of pleading, well established, is, "when a complaint for personal injuries specifies particular acts or omissions of the defendant as constituting the negligence upon which the action is founded, the complaint is insufficient on apt demurrer, unless such acts in themselves show or suggest negligence, and a general averment of negligence does not cure the defective specification." Birmingham Ry., L. & P. Co. v. Barrett, 179 Ala. 274, 279, 60 So. 262, 263.

And if the alleged acts in themselves do not constitute negligence as a matter of law, but are merely sufficient to suggest and to support an inference of negligence, the complaint must characterize the acts as negligence, and it is not enough that negligence be merely assumed. Birmingham Railway, Light & Power Co. v. Weathers, 164 Ala. 23, 51 So. 303; Birmingham Railway, L. & Power Co. v. Parker, 156 Ala. 251, 47 So. 138; Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Garing v. Boynton et al., 224 Ala. 22, 138 So. 279.

Applying these well-settled rules to count A, it is apparent that some of the grounds of demurrer were well taken.

It is permissible to aver that plaintiff is a passenger, guest, or invitee, as the case may be, in connection with the facts and res gestæ of the injury; but when the relation of the plaintiff is not so alleged, the facts pleaded must be sufficient to establish the relation with certainty to a common intent. If the count averred that plaintiff, on the occasion of her injury, visited her husband to cheer, comfort, aid, or assist in administering to him, this, in connection with the other averments, would show with the requisite certainty that plaintiff was an invitee of the defendant, and in this relation its duty was to use reasonable care to have the premises in a reasonably safe condition for the uses contemplated by the invitation, and to warn the invitee of known dangers and dangers discernible by reasonable care. Farmers' & Merchants' Warehouse Co. v. Perry, 218 Ala. 223, 118 So. 406; Mudd et al. v. Gray, 200 Ala. 92, 75 So. 468; Brigman v. Fiske-Carter Construction Co., 192 N. C. 791, 136 S. E. 125, 49 A. L. R. 773, annotation pages 778–800.

■ For aught appearing on the face of the count, plaintiff's mission at the hospital was not one of benevolence, but one of mischief; the averments do not exclude the intendment that the husband was in the hospital as the result of her wrongful and willful conduct; and that she was there for annoyance or other selfish purpose that would impede rather than hasten his recovery. If this was so, she was at best a mere licensee, and the extent of defendant's duty to her was not to wantonly or willfully injure her, nor negligently injure her after discovering she was

in peril of injury. Farmers' & Merchants' Warehouse Co. v. Perry, supra.

Assuming either of these categories, the count was defective. If plaintiff was an invitee, it was defective for failing to allege facts imposing a duty on the defendant to light the stairway, and in not alleging that the insufficient lighting was a consequence of negligence on the part of defendant or its servants or agents acting within the scope of their employment, and this defect was not cured by the general averment which merely assumes that the insufficient lighting of the steps was in consequence of the defendant's negligence. Birmingham Railway, Light & Power Co. v. Weathers, supra; Birmingham Railway, L. & Power Co. v. Parker, supra; Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L. R. A. 1918F, 137.

The theories of immunity of hospitals from liability on the grounds of public policy, or that the assets are trust funds, have been very generally repudiated by the courts. Tucker v. Mobile Infirmary Association, 191 Ala. 572, 68 So. 4, L. R. A. 1915D, 1167; 13 R. C. L. 945, 946, §§ 9, 10.

And the doctrine of waiver by acceptance of benefits is applicable only, if at all, to patients receiving benefits. As to third persons, the rule of responsibility for negligence of servants or agents is applied as in cases of ordinary business corporations. Bruce v. Central Methodist Episcopal Church, 147 Mich. 230, 110 N. W. 951, 10 L. R. A. (N. S.) 74, 11 Ann. Cas. 150; 13 R. C. L. §§ 11, 12.

Therefore the proposed evidence going to show that defendant was a charitable institution, administering a trust fund without benefit to itself or its promoters, was rejected without error.

There is nothing in the evidence showing or tending to show that the stairway or any part thereof was defective, or that there was any condition in respect thereto that constituted the semblance of a trap or pitfall. There is no dispute in the evidence that lights were provided which lighted the stairway and were burning; that they lighted every step on the stairway except the last before reaching the platform or landing on the flight between the first and second floors where the stairway leads around the elevator.

Plaintiff's testimony was to the effect that because of the position of the light at the head of the stairway and a beam of some sort, a shadow was cast over the last step leading to this intermediate landing, rendering it so dark that she could not see said step, and that, without taking any sort of precaution to determine whether or not she had reached the landing, she stepped into the shadow, assuming that she was on a level with the landing, and missed the step and fell, and in this fall was injured. The plaintiff's evidence further shows that she was familiar with the stairway; to use her language, "this was the stairway I had used a hundred times or more."

The defendant requested the affirmative charge which was refused. Assuming that plaintiff was an invitee, though the evidence is as silent as to what her mission was as are the pleadings, the question to be decided is, Did the law in these circumstances impose on the defendant the duty of providing lights that lighted each of the steps uniformly? If not, plaintiff has failed to show negligence on the part of the defendant or its agents or servants.

After diligent search we have found no case sustaining any such contention, and counsel for appellee, though filing an elaborate brief, has cited no such case. On the other hand, Weller v. Consolidated Gas Company, 198 N. Y. 98, 91 N. E. 286, 287, 139 Am. St. Rep. 798, cited by appellant, holds to the contrary. That case furnishes a striking analogy; to quote from the opinion:

"It is a part of the defendant's business to manufacture and sell or rent gas stoves. The defendant maintains a wareroom for the display of such stoves adjoining its principal office in the city of New York. The floor of this warcroom is 14 inches lower than the floor of the principal office and is connected therewith by a passageway in which there is a descent of two steps, each seven inches in height. The plaintiff fell and was injured on the second of these steps while making her way into the storeroom, which was lighted by a chandelier sufficiently to enable her to see the first step, but, as she testifies, not sufficiently to disclose the presence of the second step. According to her testimony, this second step was in shadow, so that she thought she had reached the level of the wareroom floor when she lost her footing in consequence of her failure to perceive that there was another step. The lack of light enough to reveal this second step is the gist of the plaintiff's cause of action. * * * The underlying proposition upon which the judgment rests must be that the law imposes upon the defendant the duty of lighting equally every part of the stairway of two steps leading from one part of its premises to another. In our opinion the law does not go as far as this in the case of a merchant maintaining a wareroom for the exhibition and sale of his goods to intending customers. He is bound to exercise reasonable care to keep his premises safe for the ingress, progress, and egress of authorized visitors. The measure of his duty has been expressly held to be reasonable prudence and care. Larkin v. O'Neill, 119 N. Y. 221, 23 N. E. 563. It may be conceded that this obligation involves the maintenance of a sufficient degree of light to

114

disclose differences of floor levels in apartments which strangers are invited to visit. In the case at bar this obligation was observed. The plaintiff knew that the floor of the stoveroom was lower than the floor of the principal office. There was light enough to show this and also to show her the first step. The defendant was justified in assuming that it was also sufficient to acquaint her with the presence of the second step; for no accident had ever occurred there, although the passage had been traversed daily by 150 persons, other than those employed by the defendant, for months before the plaintiff fell.

"Under all the circumstances attending and surrounding the accident, we think there was no evidence sufficient to permit the jury to find that the defendant had failed to perform any duty which it owed to the plaintiff. A rule of law which required all stairways of whatever length in every shop, store, hotel or building to which the public are invited to be uniformly lighted throughout their whole length would impose a burden much greater than is required for the protection of the community. It is ordinarily sufficient to light such a stairway sufficiently to disclose its existence and character. The persons who make use of it can reasonably be expected to exercise their faculties to some extent in order to ascertain its precise length. Where, as in the case at bar, there is an obvious descent in a passageway which the visitor is about to enter, the very fact that the light therein is not uniform imposes upon the visitor the duty to proceed with circumspection and not move blindly on regardless of what may be ahead. A person who knowingly approaches a step beyond which is a darkened space may not assume that such space is level and proceed without the exercise of any care to ascertain whether it is nor not. If he does so, he does so at his own risk. Dailey v. Distler, 115 App. Div. 102, 100 N. Y. S. 679, and cases there cited. Although the plaintiff was fully aware of the presence of the first step, her testimony does not really show that she took any precaution whatever to ascertain whether or not there was another." 139 Am. St. Rep. 798, 799, 800. See, also, 45 C. J. 872, § 297.

The judgment here is that appellee not only failed to show negligence on the part of the defendant, but that her testimony shows that her negligence was the sole proximate cause of her hurt, and the defendant was due the affirmative charge.

Reversed and remanded.

ANDERSON, C. J., concurs in the opinion.

THOMAS and FOSTER, JJ., concur in all of the opinion except that part which holds that the averments of count A were insufficient to show that plaintiff was an invitee.