151 So. 62
CARTER v. ALABAMA BAPTIST HOSPITAL
BOARD.
2 Div. 38.

Supreme Court of Alabama.
Nov. 23, 1933.

S. F. Hobbs, of Selma, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, and Harry W. Gamble, of Selma, for appellee.

BOULDIN, Justice.

On former appeal (Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443), this court, after restating certain rules governing the sufficiency of complaints in actions of this character, held count A subject to demurrer.

After the cause was remanded, plaintiff amended her complaint by adding counts B, C, D, E, F, and G. Demurrers being sustained thereto, plaintiff took a nonsuit and appeals to review such adverse rulings.

Appellant insists the amended counts meet all the objections pointed out in the former decision.

Count F, which appears in the report of the case, presents the case fully as stated in other added counts.

■ It may be conceded count F meets the criticism addressed to count A in paragraphs 5 and 6 of the former opinion. But there is a material difference between other averments of counts A and F.

In count A it is averred: "Said stairway was not sufficiently lighted to render such use by persons reasonably safe at that hour."

Amended count F, as all the others, charges: "And plaintiff avers that the stairway between the first and second floors of said hospital building was not in a reasonably safe condition for the uses contemplated by said invitation, but to the contrary, was in a dangerous condition for such uses, by reason of the fact that it was not sufficiently lighted at said time to disclose any part of the first step above the landing on said stairway, or to disclose the difference between the level of the landing on said stairway and the level of the first step above said landing."

All the other allegations touching time of the existence of such condition, and knowledge of same, as a predicate for negligence, relate to this specific averment showing how and wherein the stairway was unlighted.

Such amendment was designed to meet the state of evidence introduced and considered on former appeal.

The court quoted with approval a highly analogous case from New York, holding the

562

mere failure to light one step of a stairway is not actionable negligence. The amended count does not question that the landing was properly lighted, nor the second step above. This narrows the averment to a dark band or shadow concealing the first step up from the landing, or the last step coming down. The New York court declared this no such dangerous condition as charged the owner with negligence; that the shadow being clearly noticeable, common care required the user to exercise reasonable caution which would readily avoid injury. The drop from the lighted step to the lighted landing, with a dark intervening space, would suggest some care.

█ A person cannot be charged with negligence because of conditions not dangerous to those in the exercise of ordinary care.

At any rate, this court declared, on former appeal, that the precise facts now averred, when proven, failed as matter of law to show negligence, and conceding the plaintiff an invitee, the defendant was due the affirmative charge.

It cannot, therefore, be said the amended complaint met the holding on former appeal.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.