■ TEODOR LESYK, Appellant, v. PARK AVENUE HOSPITAL, INC., Respondent. — Judgment unanimously reversed on the law and facts and a new trial granted, with costs to appellant to abide the event. Memorandum: Plaintiff suffered injuries as the results of a fall while on the parking lot of defendant hospital. From the evidence adduced on the trial of his action against the defendant hospital for damages for alleged negligence it appears he drove a friend to the hospital to visit his sick wife and while waiting for his friend and looking after the friend's three-year-old child suffered the fall on the lot where he had parked his car. At the close of plaintiff's case defendant moved for a nonsuit asserting that the plaintiff was a licensee on defendant's premises and that as a licensee he took the premises as he found them and that defendant owed only a duty to refrain from affirmative active negligence. In granting defendant's motion the court held the plaintiff to be a licensee as a matter of law. *Greenfield* v. *Hosp. Assn. of City of Schenectady* (258 App. Div. 352) directly concerned with the status of a hospital visitor enunciates the rule that one visiting a sick relative in a hospital is a business visitor, an invitee to whom the hospital owes a duty of maintaining its premises in a reasonably safe condition and rejects the theory that such a visitor is a bare licensee. (See, also, 2B Warren's Negligence, pp. 247–249; 27 N. Y. Jur., Hospitals and Asylums, § 77). The situation of one such as the plaintiff serving the convenience and necessity of a visitor while not as directly related to the hospital-patient relationship as that of the visitor, nevertheless involves the same purpose and implied invitation and reasonably places him in the same legal position with reference to the hospital as the visitor himself. The Restatement of the Law of Torts 2d (§ 332, subd. [3]) states the position that: "A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land," and in comment *g* "It is not necessary that the visitor shall himself be upon the land for the purposes of the possessor's business. The visit may be for the convenience or arise out of the necessity of others who are themselves upon the land for such a purpose." The court's disposition of defendant's motion to dismiss the complaint was erroneously predicated on its ruling that the plaintiff was a bare licensee as a matter of law. (Appeal from judgment of Monroe County Court dismissing complaint at close of evidence in negligence action.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.