229 So.2d 469

Annie Laurie AUTRY

v.

ROEBUCK PARK BAPTIST CHURCH.

6 Div. 554.

Supreme Court of Alabama.

Dec. 11, 1969.

George C. Longshore and Cooper, Mitch & Crawford, Birmingham, for appellant.

Rives, Peterson, Pettus & Conway, Birmingham, for appellee.

HARWOOD, Justice.

In the proceedings below the appellant was plaintiff in an action seeking damages resulting from a fall in a hallway in the premises of the defendant, Roebuck Park Baptist Church.

The complaint was in one count and reads as follows:

"Comes now the Plaintiff, Annie Laurie Autry, and claims of the Defendants the sum of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), damages for that heretofore on, to-wit, March 8, 1965, the Defendants owned or maintained a church located at 216 Roebuck Drive, Jefferson County, Alabama, and the Plaintiff avers that on said date she entered the said premises maintained by the Defendants for the purpose of attending a Women's Missionary Union prayer meeting in the course of her membership in said church and while walking along a hallway located in the basement which hall was maintained or controlled by the Defendants for the use of those attending church meetings or services, the plaintiff slipped and fell and as a proximate consequence thereof she was injured and damaged as follows:

"her left knee was fractured or broken, her nervous system was shocked, she was placed in great physical agony and mental pain, she was permanently injured, she was caused to undergo surgery and hospitalization and incur large bills and expenses for the treatment of her injuries.

"And the plaintiff avers that her injuries were the proximate consequence

of the negligent maintenance of said floor in an unsafe condition for those using said floor at the place where the Plaintiff slipped and fell."

The defendant filed a demurrer to the complaint containing some 29 grounds. The court below sustained the demurrer to the complaint. The plaintiff thereupon moved for a nonsuit with leave to appeal. The motion was granted and the suit was dismissed.

Since the plaintiff below is the appellant here and occupies the same position here as in the court below, the appellant will be designated herein as plaintiff.

In brief counsel for plaintiff assert that:

"The plaintiff views the defendant's demurrer as raising principally two issues: (1) whether a church enjoys immunity from the consequences of its negligence by reason of its status as a 'charitable' institution, and (2) whether a member of a church enjoys the status of an invitee while on the premises. Other grounds of the demurrer assert that the complaint is procedurally defective."

Counsel for appellant has first argued that a church enjoys no immunity from liability for negligence because of its charitable status—that is, that the doctrines of charitable immunity should not be applied in such a situation.

Counsel for appellant has presented in brief an excellent and scholarly discussion of the doctrine of charitable immunity, has dissected the bases on which the doctrine rests, and the alleged speciousness on which these bases rest. Counsel for appellant assert that the trend of today's decisions is to repudiate the doctrines of charitable immunity because of changed conditions in the businesslike operations of what were theretofore small charitable institutions, but are no longer. The brief indicates considerable research on the writer's part.

Counsel for appellee have answered this portion of appellant's brief with an argument and discussion of equal competence.

However, as pointed out by counsel for appellee, there are among the 29 grounds of the demurrer several which are unrelated to the doctrine of charitable immunity and which counsel contends fully support the court's action in sustaining the demurrer to the complaint. If this be so, then no need arises to consider the question of whether the defendant church should, or should not, be accorded immunity from liability under the charitable immunity doctrine.

Appellant's single assignment of error is to the effect that the court erred in sustaining the demurrer, as amended, to the complaint.

■ If any ground of a demurrer is well taken, the action of the trial court in sustaining the demurrer must be upheld. Butler v. Olshan, 280 Ala. 181, 191 So.2d 7; Prather v. Ray, 258 Ala. 106, 61 So.2d 46; Ledbetter v. Frosty Morn Meats, 274 Ala. 491, 150 So.2d 365.

■ Grounds 7, 8, and 9, of the demurrer are addressed to the insufficiency of the complaint to charge negligence, or breach of duty. These grounds read:

"7. For that the quo modo of this defendant's alleged negligence as set forth in said count and the facts therein averred are insufficient to constitute negligence as a matter of law.

"8. For that the said count shows no breach of duty or negligence on the part of this defendant.

"9. For that the allegation in said count that the plaintiff 'while walking along a hallway located in the basement which hall was maintained or controlled by the defendants for the use of those attending church meetings or services, the plaintiff slipped and fell' is insufficient to charge this defendant with any wrongful conduct."

In Alabama Power Co. v. King, 280 Ala. 119, 190 So.2d 674, the manner and requirements for averring negligence in a complaint are discussed in extenso, and numerous authorities were cited. We see no need to again discuss these authorities in detail other than to call attention to the defects in the present complaint.

In Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443, the complaint alleged that the plaintiff, after visiting her husband who was a patient in the hospital, while descending a stairway in said hospital which "was not sufficiently lighted to render such use by persons reasonably safe at that hour, and that as a proximate consequence of the negligence of defendant in failing to have said stairway sufficiently lighted to render such use by persons reasonably safe, plaintiff was caused to fall, * * *"

Demurrers to this complaint were overruled. In holding this action by the lower court erroneous, this court wrote:

"Another rule of pleading, well established, is, 'when a complaint for personal injuries specifies particular acts or omissions of the defendant as constituting the negligence upon which the action is founded, the complaint is insufficient on apt demurrer, unless such acts in themselves show or suggest negligence, and a general averment of negligence does not cure the defective specification.' Birmingham Ry. L. & P. Co. v. Barret [Barrett], 179 Ala. 274, 279, 60 So. 262, 263.

"And if the alleged acts in themselves do not constitute negligence as a matter of law, but are merely sufficient to suggest and to support an inference of negligence, the complaint must characterize the acts as negligence, and it is not enough that negligence be merely assumed." (Citations omitted.)

In Alabama Baptist Hospital Board, supra, the complaint at least alleged that the stairway was not sufficiently lighted to render its use reasonably safe.

In the present case the complaint merely avers that the plaintiff entered the premises of the church to attend a prayer meeting conducted by the Women's Missionary Union of which she was a member,

"and while walking along a hallway located in the basement which hall was maintained or controlled by the defendants for the use of those attending church meetings or services, the plaintiff slipped and fell and as a proximate consequence thereof she was injured and damaged as follows * * *" (Here injuries catalogued.)

"And the plaintiff avers that her injuries were the proximate consequence of the negligent maintenance of said floor in an unsafe condition for those using said floor at the place where the plaintiff slipped and fell."

Certainly there is nothing in the forepart of the complaint showing or suggesting negligence, or setting forth facts showing negligence as a matter of law. The concluding paragraph of the count that the injuries were the proximate consequence of the negligent maintenance of the floor in an unsafe condition must be taken to mean that the facts already alleged in the forepart of the count constituted the conduct of the defendant and as a result of such action of the defendant as set forth in the forepart of the count, the plaintiff suffered her injuries. The concluding paragraph averring such conduct to be negligent, when no such averment of negligence characterized the conduct of the defendant as it was originally set forth, cannot be deemed to change non-negligent conduct into negligent conduct. Birmingham Railway Light and Power Co. v. Weathers, 164 Ala. 23, 51 So. 303; Capital Motor Lines v. Loring, 238 Ala. 260, 189 So. 897; Alabama Power Co. v. King, supra.

However, counsel for plaintiff contends that the complaint in the present case is without the influence of Alabama Power Co. v. King, supra, and the cases reviewed therein, for the reason that the complaint shows that the plaintiff was on the defend-

ant's premises as an invitee and therefore as a matter of law the defendant owed the plaintiff a duty to keep the premises reasonably safe and it was unnecessary to describe the acts of the defendant as having been negligently done in the forepart of the complaint.

Counsel for appellant has cited Geis v. Tennessee Coal, Iron and R. Co., 143 Ala. 299, 39 So. 301, and Southern Minerals Co., Inc. v. Barrett (Ala.Sup.), 1 A.B.R. 31, 281 Ala. 76, 199 So.2d 87, in support of his contention.

We have found nothing in Geis v. Tennessee Coal, Iron and R. Company bearing on the instant question.

In *Southern Minerals,* supra, the count in question had set forth facts which this court concluded showed the plaintiff to be an invitee on the defendant's premises. After setting forth this quo modo, and cataloguing the plaintiff's injuries the count concludes that all of his (plaintiff's) injuries "were caused as a proximate result of *the negligence of the defendants* in negligently failing to provide supports or other devices to support the walls or sides of said excavation * * *" (Emphasis ours.)

We held that the count was sufficient in that the facts averred suggest and support an inference of negligence growing out of the allegations showing the plaintiff to be an invitee, and the averment that the negligence of defendant in negligently failing to provide supports to the excavation was sufficient to show a breach of duty.

The averments of the count now being considered are clearly insufficient to show in themselves, or as a matter of law, either negligent conduct by the defendant or any breach of duty.

■ Assuming as counsel for plaintiff has done, that the plaintiff was an invitee, then the duty owed the plaintiff by the defendant was to maintain its premises reasonably free from danger, or, as otherwise expressed, to use reasonable care to keep the premises in a safe condition for persons who come there by invitation. Britling Cafeteria Co. v. Naylor, 254 Ala. 84, 47 So.2d 187; Lamson and Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388. The mere statement in the forepart of the count that plaintiff was injured while walking along a hallway located in the basement of the church which hall was maintained by the defendant for the use of those attending church meetings, falls short of averring negligence or breach of duty even to an invitee.

■ Further, counsel for plaintiff, in argument, has categorically assumed that the plaintiff was in the church in the status of an invitee. This presents the question of whether a person going onto or into church premises, either as a member of the church, or otherwise, for the purpose of attending services or meetings, occupies the status of an invitee or that of licensee.

In many places, particularly cities, church doors are open for those who wish to enter seeking spiritual solace. The doors of churches are, of course, open during the hours of regular services and meetings. Not only members, but others seeking religious refreshment are ordinarily welcome to enter and participate in such services or meetings.

In McNulty v. Hurley (Fla.Sup.), 97 So.2d 185, the Florida court had before it the determination of the status of one attending church services or meetings. The Florida court concluded that the true status of a person under such conditions was that of a licensee rather than an invitee. We are in accord with the conclusions of the Florida court, and the reasoning by which such conclusion was reached, which was set forth as follows:

"Plaintiff takes the position that she was on the church premises by invitation of the defendant. She reasons that the church, being the shepherd of its flock, not only invites its members to enter thereon but importunes them to do so. Most if not all religious denominations and sects urge and invite not only their

members, but other persons, to enter their churches, temples and religious edifices and join in worship and prayer. The doors of all such structures are in themselves an invitation to enter. In this sense anyone who enters into a structure used for religious activities is an invitee.

"But an invitation to enter and worship, whether it be either express or implied, does not constitute one who accepts the invitation an invitee in the legal sense. In order for such relationship to arise the person entering onto the premises, i. e., the invitee, must have done so for purposes which would have benefited the owner or occupant of the premises, i. e., the invitor, or have been of mutual benefit to the invitee and the invitor. And as we view it this benefit must be of a material or commercial rather than of a spiritual, religious, or social nature. This same reasoning is followed in our cases which hold persons invited into one's home as social guests to be licensees rather than invitees even though they are expressly invited to enter the premises of the host. Goldberg v. Straus, supra [Fla., 45 So.2d 883].

"It cannot be successfully or logically argued that a person enters a place of worship, call it by any name, and participates in worship and prayer to the God or Supreme Being of his choice for the benefit of the body or organization which owns the church, the religious or lay readers who conduct the services, or the God or Supreme Being whom he worships and asks for guidance, help or forgiveness. One of the concepts of all religious beliefs known to us is that participation in religious activities is for the benefit of the mortals who participate therein. Places of worship exist as symbols and reminders of the existence of a greater and higher force and as places set apart from the material phases of our lives where we can for our convenience together practice and give overt evidence of our adherence to our religious beliefs. If it were not true that participation in religious services, proceedings and ceremonies is for the benefit of the individuals who gather to do so, it would be impossible to explain their presence at such activities. * * *

"Nor would it matter if the plaintiff had alleged that she made a contribution when the collection plate was passed, for this would not have changed her status. As it is that we who serve our God gain in so doing, so it is that we who give material things to assist in the work of our chosen religious belief receive by so doing. We are the recipients, not the benefactors.

"It seems clear to us therefore that one who attends a religious edifice for the purpose of attending a religious service, as did the plaintiff in this case, does so 'for his own convenience, pleasure or benefit' and is at best a licensee.

"The courts in the following cases, dealing with similar situations have also reached the conclusion that one attending religious services is a licensee: Coolbaugh v. St. Peters Roman Catholic Church, 1955, 142 Conn. 536, 115 A.2d 662 and Glaser v. Congregational Kehillath Israel, 1928, 263 Mass. 435, 161 N.E. 619."

The Florida court's observation that the status of a person entering a church was similar to that of a social guest enjoying unrecompensed hospitality in a private home by invitation, we consider apt. This court has held that such guest, even though present on the premises, by specific invitation, occupies the status of licensee, and is not an invitee in the true legal sense of that term. Morgan v. Kirkpatrick, 276 Ala. 7, 158 So.2d 650.

The duty owed a licensee by an owner of premises is not to wilfully or wantonly injure him, nor negligently injure the licensee after discovering he was in peril. Farmers' and Merchants' Warehouse Co. v. Perry, 218 Ala. 223, 118 So. 406: Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443.

As before stated, it is our conclusion that the complaint was deficient in averring negligence or breach of duty on the part of the defendant, and therefore the court correctly sustained the demurrers addressed to this deficiency. Alabama Power Company v. King, supra.

Grounds 19 through 24 and 25 through 27 assert that the complaint is defective in that it shows the plaintiff to be a licensee rather than an invitee. We consider these grounds to be valid. Therefore, had the complaint properly charged simple negligence, as it sought to do, it would clearly have been deficient in charging the defendant with wilful and wanton misconduct toward the plaintiff, a licensee.

This additionally emphasizes the propriety of the action of the lower court in also sustaining the demurrer to the complaint on these last above mentioned grounds.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.