BEATTY, Justice.
Plaintiff, Mrs. Edith Ramelle Collum, appeals from the trial court’s grant of summary judgment in favor of defendant, Jackson Hospital. We affirm.
The defendant’s motion for summary judgment in this negligence action was based upon certain testimony taken at the depositions of plaintiff, and the assistant administrator of the hospital, Rigsby. The uncontroverted facts are summarized as follows:
Plaintiff visited a physician in the doctors building adjoining the Jackson Hospital building. She parked her automobile on Jackson Hospital’s parking deck. As plaintiff was returning to her car after her appointment with her physician, she noticed a large concrete post. This post is part of the parking deck. After she walked past the post, she saw two cars coming together in the traffic lanes of the parking deck. Forgetting that the post was there, Mrs. Collum automatically stepped backwards into it and fell, thereby injuring herself.
Mr. Rigsby testified that there had been no accidents in the parking deck involving personal injuries prior to Mrs. Collum’s accident and that no previous complaints had been made concerning the construction of the parking lot facility. Mr. Rigsby also pointed out that complaints of this nature normally would be made to his office.
Plaintiff asserts in brief that the facts set out above are sufficient to entitle her to go to trial; that is, it is in essence contended that summary judgment was improperly granted because there is at least a scintilla of evidence that plaintiff, an invitee, was injured due to an unreasonably dangerous condition of the defendant’s premises involving an unreasonable risk of harm which the defendant hospital knew, or by reasonable inspection should have known, existed; and that defendant negligently failed to warn the plaintiff or take necessary precautions to protect her from danger. The issue is whether under any conceivable set of provable circumstances the plaintiff might have been entitled to recover under a cognizable theory of law. See Harbour v. Colonial Fast Freight Lines, Inc., Ala., 336 So.2d 1100 (1976). We hold that the defendant was entitled to judgment as a matter of law under the uncontroverted facts, see ARCP 56(c), and that the trial court acted properly in granting the defendant’s motion for summary judgment.
It is clear form our cases that no presumption of negligence arises from the mere fact of injury to the invitee on the premises of the invitor. See, e. g., Foster v. Kwik Chek Supermarkets, Inc., 284 Ala. 348, 224 So.2d 895 (1969). Thus, the occurrence of this accident on the defendant’s property does not of itself give plaintiff a right to have the issues decided by a jury. In addition, there is no evidence that the defendant was negligent in maintaining any sort of dangerous condition on its premises.
The duties of an invitor are well summarized in Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388 (1937), wherein this Court stated at 234 Ala. 63, 173 So. at 391:
[ T]he occupant of premises is bound to use reasonable care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation ... or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. [Citation omitted.]
As noted earlier, the plaintiff in this case argues that there was at least a scintilla of evidence that defendant’s premises were dangerous and that the defendant was negligent in that it breached its duty to warn of the danger. It appears that this assertion concerning the defendant’s negligence is predicated on two theories: (1) the utilization or maintenance of the large post in *316 the parking facility rendered the premises dangerous, giving rise to a duty to warn; and (2) the presence of two-way vehicular traffic on the parking deck amounted to a dangerous condition of the existence of which the defendant was obligated to warn plaintiff.
The facts of the case affirmatively demonstrate that the plaintiff could not have recovered under either theory. Even if the plaintiff could have shown that the premises were in any respect dangerous (a conclusion that is not supported by the evidence) the controlling principle in this situation entitles the defendant to judgment. As this Court stated in Lamson & Sessions Bolt Co. v. McCarty, supra, at 234 Ala. 63, 173 So. at 391 (quoting from 45 C.J. § 244):
“The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.” [Emphasis added.]
The contention that the “big post” referred to by the plaintiff at her deposition, and which she clearly observed, constituted a hidden danger to her, is untenable. If there was such a danger, plaintiff was well aware of its existence. Nor can it be maintained that the conditions of traffic on the parking deck, if they were a danger, were anything more than “a danger which was obvious or which should have been observed in the exercise of reasonable care,” because plaintiff had herself driven into the parking deck before her injury. As a result, it appears from the evidence that plaintiff could not have prevailed under any theory in her negligence action; accordingly, the trial court’s grant of summary judgment in favor of the defendant, Jackson Hospital, was proper.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.