Minnie Hambright was injured when she slipped and fell while attending services at First Baptist Church-Eastwood in Jacksonville, Alabama. She and her husband, Frank Hambright, sued the church, alleging negligence, wantonness, and loss of consortium. *Page 867 
The trial court entered a summary judgment for the church on all claims.
The dispositive issue is whether Mrs. Hambright held the legal status of a licensee while visiting the church.
A motion for a summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Southern Guar. Ins. Co. v. First AlabamaBank, 540 So.2d 732, 734 (Ala. 1989). Once the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala. 1989). This Court reviews the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, 613 So.2d 359
(Ala. 1993).
Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
Mrs. Hambright was a member of the Ebenezer Baptist Church choir; she and other members of the Ebenezer church were asked to participate in the First Baptist Church's anniversary celebration church service on November 10, 1991. Upon arrival at First Baptist, Mrs. Hambright used the church restroom. She then went to the buffet table that had been set up by the church in its fellowship hall for its members and for visitors attending the service. Mrs. Hambright almost slipped near the table, but caught herself. She then obtained plates of food for herself and others. After eating her lunch, Mrs. Hambright started to leave the fellowship hall to visit relatives. As she was leaving, she slipped and fell on the floor of the fellowship hall and was injured. Mrs. Hambright did not sing at the anniversary service, either before or after the accident.
In support of its motion for summary judgment, the church produced deposition testimony from persons present on the date of the accident, including Mrs. Hambright; that evidence indicated that the deponents did not notice any foreign substance on the floor where Mrs. Hambright fell. The church also produced an affidavit from Walter Herman Goggins, the church member who had waxed the floor before the service. In the affidavit Goggins testified that he used the routine waxing and buffing methods that he had previously used on the floor.
In response to the motion, the Hambrights produced various items of evidence, including testimony from a witness who stated that the area where Mrs. Hambright fell was "oily like." They also produced deposition testimony from Goggins in which he said that he was unaware of whether the wax applied to the floor was recommended for use on tile floors, such as the floor on which Mrs. Hambright fell. The Hambrights presented an unsworn report from a product testing firm that indicated that the floor where Mrs. Hambright fell had an abnormally low friction coefficient when tested with her vinyl-soled shoe and that wax was found on the skirt she was wearing when she fell.
We first note that the Hambrights ask this Court to adopt the business and public invitee tests as set forth in § 332,Restatement (Second) of Torts (1965); to do so would modify our caselaw so as to classify visitors as those who enter land for the purpose for which the land is held open ("public invitees") and those who enter for a purpose connected with the landowner's business ("business visitors"). However, we decline their invitation to depart from our existing caselaw classifying visitors as invitees, licensees, or trespassers for determining what duty the landowner may owe in a particular circumstance.
The Hambrights then assert that, under our existing classification for visitors listed above, Mrs. Hambright held the legal status *Page 868 
of an invitee during her visit to the church because she was invited, along with the rest of the Ebenezer choir, to sing at the anniversary service to raise funds for the church. Therefore, the thrust of their argument is that the church breached a duty to Mrs. Hambright by failing to keep the premises reasonably safe or by failing to warn her of a slippery floor.
The church maintains that it breached no duty to Mrs. Hambright because, it argues, she was a licensee, not an invitee, during her visit. The church argues that the Hambrights produced no evidence of wantonness on the church's part and no evidence that the church allowed Mrs. Hambright to be negligently injured after becoming aware of her peril.
This Court looks to the status of the injured party in relation to the defendant's land or premises in deciding whether the defendant should be held liable for an injury to a visitor upon the land or premises. Tolbert v. Gulsby,333 So.2d 129 (Ala. 1976); Copeland v. Pike Liberal Arts School,553 So.2d 100 (Ala. 1989).
A person who enters the land with the landowner's consent to bestow some material or commercial benefit upon the landowner is deemed an invitee. Lloyd v. Joseph, 496 So.2d 771 (Ala. 1986). A landowner owes an invitee the duty to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn of hidden defects and dangers that are known to the landowner but that are hidden or unknown to the invitee. Quillen v. Quillen, 388 So.2d 985 (Ala. 1980);Raspilair v. Bruno's Food Stores, Inc., 514 So.2d 1022 (Ala. 1987).
In contrast, a person who visits a landowner's property with the landowner's consent or as the landowner's guest but with no business purpose occupies the status of a licensee.Copeland, supra; Bryant v. Morley, 406 So.2d 394 (Ala. 1981) ("an invited social guest is a licensee of the landowner"). The duty owed by a landowner to a licensee is to abstain from willfully or wantonly injuring the licensee and to avoid negligently injuring the licensee after the landowner discovers a danger to the licensee. Graveman v. Wind Drift Owners' Ass'n,Inc., 607 So.2d 199 (Ala. 1992). This duty is not an active one to safely maintain the premises; instead, the landowner has the duty not to set traps or pitfalls and not to willfully or wantonly injure the licensee. A "trap" is a danger that a person who does not know the premises could not avoid by the use of reasonable care. Graveman, supra. Wantonness has been defined as the conscious doing of some act or conscious omission of some duty by one who has knowledge of the existing conditions and who is conscious that doing, or failing to do, some act will probably result in injury. Raney v. Roger DownsIns. Agency, 525 So.2d 1384 (Ala. 1988).
We have held that a person attending a church service is a licensee on the church premises. Autry v. Roebuck Park BaptistChurch, 285 Ala. 76, 229 So.2d 469 (1969). In Cagle v. Johnson,612 So.2d 1158 (Ala. 1992), this Court expressly declined to overrule Autry.
The record reveals that Mrs. Hambright visited the church as a member of the Ebenezer choir to attend the church's anniversary service. We do not consider her attendance at the church's anniversary service as providing a material benefit to the church under the facts presented in this case. Church affairs such as this anniversary service are very common. Such services benefit both the communities in which the churches are located and the visitors to the services, by providing spiritual direction and social fellowship. The facts of this case indicate that Mrs. Hambright and the other persons present at First Baptist were in much the same position as social guests "enjoying unrecompensed hospitality in a private home by invitation." Autry, 285 Ala. at 81, 229 So.2d at 474. Therefore, we hold that Mrs. Hambright was a licensee during her visit to the church. See Autry, supra; Cagle, supra.
After carefully reviewing the record, we conclude that on its motion for summary judgment the church made a prima facie showing that it did not breach a duty owed to Mrs. Hambright as a licensee, and we conclude that the Hambrights did not rebut that prima facie showing. The Hambrights *Page 869 
did not produce substantial evidence that the church willfully or wantonly injured Mrs. Hambright. They did not produce substantial evidence that the church was conscious that the condition of the floor would cause Mrs. Hambright's injury. Further, they did not produce substantial evidence that the church acted negligently after learning of Mrs. Hambright's peril. As noted above, substantial evidence creating a genuine issue of material fact is required to rebut a properly supported motion for summary judgment. West v. Founders LifeAssurance Co. of Florida, supra.
The trial court properly concluded that there was no genuine issue of material fact regarding the Hambrights' claims against the church. Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.