L. CHARLES WRIGHT, Retired Appellate Judge.
Mozelle Wooten appeals from a summary judgment in favor of Houston County Health Care Authority, d/b/a Southeast Alabama Medical Center (SEAMC), in a slip and fall action. This ease is before this court pursuant to § 12-2-7(6), Code 1975.
In August 1991 Wooten traveled to SEAMC with her sister in order to visit their brother, a patient at SEAMC. While walking through the parking lot, the women encountered a curb “island” that separated the parking deck from the driveway'in front of the entrance to SEAMC. The women elected to walk between two parked cars before stepping up onto the curb “island.” When the women got to the first curb, Wooten’s sister held Wooten’s arm and told Wooten to step up. The women then took approximately four steps across the top of the island before reaching the second curb.
The second curb consisted of a step-down of six inches. This height is standard in the construction industry, and the curb was constructed and maintained in conformance with the Southern Building Code. The curb was clearly marked with yellow paint. Wooten admitted that she had no trouble seeing and that nothing blocked her vision. She testified that there was no foreign substance on the curb. Wooten fell and injured herself while stepping down from the curb. She claimed that she did not know of the presence of the second curb.
At the time of the proceedings, Wooten was 79 years of age. Both her knees had previously been replaced with artificial joints.
At issue on appeal is whether Wooten’s status at SEAMC was that of a licensee or an invitee. SEAMC filed its motion for summary judgment with supporting evidence, alleging that Wooten was a licensee and that it was entitled to a judgment as a matter of law because there was no evidence produced of wantonness on its part and no evidence that it allowed Wooten to become negligently injured after becoming aware of her peril. In response, Wooten argued that she was an invitee and that SEAMC breached its heightened duty of care by failing to keep the premises reasonably safe or by failing to warn her of the dangers of the curb. The trial court found Wooten to be a licensee and entered summary judgment accordingly.
In Hambright v. First Baptist Church-Eastwood, 638 So.2d 865 (Ala.1994), our supreme court made it clear that Alabama would not adopt the business or public invitee tests when classifying visitors as either invitees or licensees. In that ease the supreme court reiterated the established test for differentiating between a licensee and an invitee. It defined a licensee as “a person who visits a landowner’s property with the landowner’s consent or as the landowner’s guest but with no business purpose.” In contrast, it determined that “[a] person who enters the land with the landowner’s consent to bestow some material or commercial benefit upon the landowner is deemed an invitee.”
The classification of a visitor is important because the classification determines the duty of care owed by the landowner. “The duty owed by a landowner to a licensee is to abstain from willfully or wantonly injuring the licensee and to avoid negligently injuring the licensee after the landowner discovers a danger to the licensee.” Ham-bright. The duty owed an invitee from a *149 landowner is “to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn of hidden defects and dangers that are known to the landowner but that are hidden or unknown to the invitee.” Hambright.
Wooten insists that the purpose of her visit to SEAMC was to bestow a “beneficial or commercial benefit” upon the hospital, thus entitling her to the status of invitee. In her brief she describes her visit to SEAMC as benefitting the hospital because, she says, her presence would relieve “nurses and other employees of many of the tasks and errands involved in the care of patients.” We find Wooten’s assertion to be strained and to be an unrealistic view of visitors as altruistic donors of their time and efforts to medical facilities. Furthermore, the only evidence concerning Wooten’s purpose for visiting SEAMC was that her brother was a patient there and that she was going to sit with him while his wife rested. The benefit derived in this instance was one towards Wooten’s brother and his wife. There was no evidence offered to support a conclusion that Wooten intended to supplant the staff in caring for her brother. Such a purpose was unrealistic in view of Wooten’s age and her mobility problems.
A motion for summary judgment may be granted only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDonald v. Servpro, 581 So.2d 859 (Ala.Civ.App.1991). Once the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the nonmovant must create a genuine issue of a material fact by presenting substantial evidence. McDonald. This court reviews the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, 613 So.2d 359 (Ala.1993).
Based on the facts before us, it is clear that the purpose of Wooten’s visit to SEAMC was to benefit her brother and his wife and not to benefit SEAMC. We conclude, therefore, that the trial court properly found Wooten to be a licensee as a matter of law.
SEAMC made a prima facie showing that it acted neither wantonly nor willfully in causing Wooten’s injuries; further, it made a prima facie showing that it had not in any way acted negligently. Wooten did not rebut this prima facie showing with substantial evidence. Therefore, the trial court correctly entered the summary judgment in favor of SEAMC.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.