681 So.2d 149 (1996)
Ex parte Mozelle WOOTEN.
(Re Mozelle WOOTEN v. HOUSTON COUNTY HEALTH CARE AUTHORITY, d/b/a Southeast Alabama Medical Center).
1941859.
Supreme Court of Alabama.
June 21, 1996.
*150 Ron Storey, Dothan, for Petitioner.
Fred W. Tyson, William S. Haynes and N. Wayne Simms, Jr. of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for Respondent.
Bruce J. McKee of Hare, Wynn, Newell & Newton, Birmingham, and Jack Drake of Drake and Pierce, Tuscaloosa, for Amicus Curiae Alabama Trial Lawyers Association, in support of Mozelle Wooten.

ON APPLICATION FOR REHEARING
SHORES, Justice.
The opinion released February 2, 1996, is withdrawn and the following opinion is substituted therefor.
This trip-and-fall case presents the question whether a hospital visitor is an invitee or is a licensee under the Alabama law of premises liability. The plaintiff, Mozelle Wooten, fell off a curb and was injured in the parking lot of a hospital operated by the defendant and known as the Southeast Alabama Medical Center (SEAMC), while walking toward the hospital to visit her brother, who was a patient there. She sued the authority that operated SEAMC. The trial court entered a summary judgment for the defendant, on the grounds that as a hospital visitor, the plaintiff was, as a matter of law, a licensee, not an invitee. The plaintiff appealed.
The Court of Civil Appeals affirmed, citing Hambright v. First Baptist Church-Eastwood, 638 So.2d 865 (Ala.1994). The Court of Civil Appeals stated:
"In Hambright v. First Baptist Church-Eastwood, 638 So.2d 865 (Ala.1994), our supreme court made it clear that Alabama would not adopt the business or public invitee tests when classifying visitors as either invitees or licensees. In that case the supreme court reiterated the established test for differentiating between a licensee and an invitee. It defined a licensee as `a person who visits a landowner's property with the landowner's consent or as the landowner's guest but with no business purpose.' In contrast, it determined that `[a]person who enters the land with the landowner's consent to bestow some material or commercial benefit upon the landowner is deemed an invitee.'"
Wooten v. Houston County Health Care Authority, 681 So.2d 147 (Ala.Civ.App.1995). We granted the plaintiff's petition for certiorari review. We cannot agree that Hambright supports the summary judgment in this case. Hambright concerned church premises, not hospital premises, and our opinion in that case did not cite, nor did it overrule, any of our established hospital cases. It merely reiterated our established holdings that a person attending a church service is a licensee on the church premises. Autry v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469 (1969); Cagle v. Johnson, 612 So.2d 1158 (Ala.1992).
This Court has long held that a person on hospital premises for the purpose of visiting a patient is an invitee. See: Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443 (1932); Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1972); Collum v. Jackson Hospital & Clinic, Inc., 374 So.2d 314 (Ala.1979). Hospital visitors are held to be invitees in the majority of those jurisdictions that retain the common law system of classifying licensees, invitees, and trespassers. That majority includes, in addition to Alabama, Arizona, Borota v. University Medical Center, 176 Ariz. 394, 861 *151 P.2d 679 (Ariz.App.1993); Florida, St. Vincent's Hospital, Inc. v. Crouch, 292 So.2d 405 (Fla.Dist.Ct.App.), cert. denied, 300 So.2d 897 (Fla.1974); Georgia, Candler General Hospital, Inc. v. Purvis, 123 Ga.App. 334, 181 S.E.2d 77 (1971); Kansas, Gaitskill v. United States, 129 F.Supp. 621 (D.Kan.1955); Kentucky, Mackey v. Allen, 396 S.W.2d 55 (Ky. 1965); Illinois, McCann v. Bethesda Hospital, 80 Ill.App.3d 544, 35 Ill.Dec. 879, 400 N.E.2d 16 (1979); Indiana, Lutheran Hospital of Indiana, Inc. v. Blaser, 634 N.E.2d 864 (Ind.App.1994); Louisiana, Viosca v. Touro Infirmary, 170 So.2d 222, 224 (La.App.1964), cert. denied, 247 La. 416, 171 So.2d 668 (1965); Maryland, Burwell v. Easton Memorial Hospital, 83 Md.App. 684, 577 A.2d 394 (1990); Minnesota, Sulack v. Charles T. Miller Hospital, 282 Minn. 395, 165 N.W.2d 207 (1969); Missouri, Willis v. Springfield Osteopathic Hospital, 804 S.W.2d 416 (Mo.App. 1991); Nebraska, Syas v. Nebraska Methodist Hospital Foundation, 209 Neb. 201, 307 N.W.2d 112 (1981); New York, Lesyk v. Park Avenue Hospital, Inc., 29 A.D.2d 1043, 289 N.Y.S.2d 873 (1968); North Carolina, Pulley v. Rex Hospital, 326 N.C. 701, 392 S.E.2d 380 (1990); Ohio, Stinson v. Cleveland Clinic Foundation, 37 Ohio App.3d 146, 524 N.E.2d 898 (1987); Oklahoma, Sutherland v. Saint Francis Hospital, Inc., 595 P.2d 780 (Okla.1979); Oregon, Anderson v. Oregon City Hospital Co., 214 Or. 212, 328 P.2d 769 (1958); South Carolina, Henderson v. St. Francis Community Hospital, 303 S.C. 177, 399 S.E.2d 767 (1990); South Dakota, Small v. McKennan Hospital, 437 N.W.2d 194 (S.D.1989); Texas, Gunn v. Harris Methodist Affiliated Hospitals, 887 S.W.2d 248 (Tex.App.1994); Virginia, Medical Center Hospitals v. Sharpless, 229 Va. 496, 331 S.E.2d 405 (1985); and the District of Columbia, Person v. Children's Hospital National Medical Center, 562 A.2d 648 (D.C.App. 1989). A legal encyclopedia notes:
"The courts have recognized that a hospital visitor, at least where he calls during regular visiting hours and as long as he remains in those parts of the premises open to such visitors, is an invitee to whom the hospital owes the duty of exercising ordinary care for his safety."
40 Am.Jur.2d Hospitals and Asylums, § 35, p. 876 (1968).
For the reasons stated above, we conclude that the Court of Civil Appeals erred in affirming the trial court's conclusion that Mozelle Wooten was, as a matter of law, a licensee, not an invitee. However, the Court of Civil Appeals properly held: "[F]urther, [SEAMC] made a prima facie showing that it had not in any way acted negligently. Wooten did not rebut this prima facie showing with substantial evidence." 681 So.2d at 149. The record substantiates the conclusion by the Court of Civil Appeals that the summary judgment in favor of SEAMC should be affirmed.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., concurs specially.
MADDOX, J., concurs in the result.
HOOPER, Chief Justice (concurring).
I concur in the affirmance. However, I disagree with the majority's statement that this Court has long held that a person on hospital premises for the purpose of visiting a patient is an invitee. The case law cited does not support this proposition. Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443 (1932), did not address the question whether the plaintiff was an invitee or a licensee. Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1972), had as the plaintiff a private duty nurse who had come to the hospital to attend a patient she had been hired to attend. Collum v. Jackson Hospital & Clinic, Inc., 374 So.2d 314 (Ala.1979), involved a plaintiff who had gone to a hospital to see a doctor. I was the trial judge in the Collum case; it did not involve a nonbusiness visitor. The question whether a nonbusiness social visitor to a hospital is an invitee has not been heretofore answered by this Court.
The Court of Civil Appeals affirmed the defendant's summary judgment, relying on Hambright v. First Baptist Church-Eastwood, *152 638 So.2d 865 (Ala.1994). That case held that a visitor to a church was not an invitee, because the visitor had not come to bestow a material benefit upon the church. However, the holding of Hambright did not turn on the fact that the visitor was on church premises but on the fact that the visitor was there for a social visit and not to bestow a material benefit on the church. Mozelle Wooten, the plaintiff in the present case, went to the hospital to visit her brother. A hospital expects to regularly receive visitors like Ms. Wooten, just as a business expects to regularly receive customers. A patient is a customer of a hospital and will regularly receive visitors. It is not unreasonable to expect a hospital to provide a reasonably safe premises for a patient's expected visitors. The Court should straightforwardly and clearly acknowledge that it is establishing today for the first time that a visitor coming to a hospital for a social visit with a patient is an invitee.