ON APPLICATION FOR REHEARING
The opinion released February 2, 1996, is withdrawn and the following opinion is substituted therefor.
This trip-and-fall case presents the question whether a hospital visitor is an invitee or is a licensee under the Alabama law of premises liability. The plaintiff, Mozelle Wooten, fell off a curb and was injured in the parking lot of a hospital operated by the defendant and known as the Southeast Alabama Medical Center (SEAMC), while walking toward the hospital to visit her brother, who was a patient there. She sued the authority that operated SEAMC. The trial court entered a summary judgment for the defendant, on the grounds that as a hospital visitor, the plaintiff was, as a matter of law, a licensee, not an invitee. The plaintiff appealed.
The Court of Civil Appeals affirmed, citing Hambright v.First Baptist Church-Eastwood, 638 So.2d 865 (Ala. 1994). The Court of Civil Appeals stated:
 "In Hambright v. First Baptist Church-Eastwood, 638 So.2d 865 (Ala. 1994), our supreme court made it clear that Alabama would not adopt the business or public invitee tests when classifying visitors as either invitees or licensees. In that case the supreme court reiterated the established test for differentiating between a licensee and an invitee. It defined a licensee as 'a person who visits a landowner's property with the landowner's consent or as the landowner's guest but with no business purpose.' In contrast, it determined that '[a]person who enters the land with the landowner's consent to bestow some material or commercial benefit upon the landowner is deemed an invitee.' "
Wooten v. Houston County Health Care Authority, 681 So.2d 147
(Ala.Civ.App. 1995). We granted the plaintiff's petition for certiorari review. We cannot agree that Hambright supports the summary judgment in this case. Hambright concerned church premises, not hospital premises, and our opinion in that case did not cite, nor did it overrule, any of our established hospital cases. It merely reiterated our established holdings that a person attending a church service is a licensee on the church premises. Autry v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469 (1969); Cagle v. Johnson, 612 So.2d 1158
(Ala. 1992).
This Court has long held that a person on hospital premises for the purpose of visiting a patient is an invitee. See:Alabama Baptist Hospital Board v. Carter, 226 Ala. 109,145 So. 443 (1932); Baptist Medical Center v. Byars, 289 Ala. 713,271 So.2d 847 (1972); Collum v. Jackson Hospital Clinic, Inc.,374 So.2d 314 (Ala. 1979). Hospital visitors are held to be invitees in the majority of those jurisdictions that retain the common law system of classifying licensees, invitees, and trespassers. That majority includes, in addition to Alabama, Arizona, Borota v. University Medical Center, 176 Ariz. 394, *Page 151 
861 P.2d 679 (Ariz.App. 1993); Florida, St. Vincent's Hospital,Inc. v. Crouch, 292 So.2d 405 (Fla.Dist.Ct.App.), cert. denied, 300 So.2d 897 (Fla. 1974); Georgia, Candler GeneralHospital, Inc. v. Purvis, 123 Ga. App. 334, 181 S.E.2d 77
(1971); Kansas, Gaitskill v. United States, 129 F. Supp. 621
(D. Kan. 1955); Kentucky, Mackey v. Allen, 396 S.W.2d 55 (Ky. 1965); Illinois, McCann v. Bethesda Hospital, 80 Ill. App.3d 544, 35 Ill.Dec. 879, 400 N.E.2d 16 (1979); Indiana, LutheranHospital of Indiana, Inc. v. Blaser, 634 N.E.2d 864 ( Ind. App. 1994); Louisiana, Viosca v. Touro Infirmary, 170 So.2d 222,224 (La.App. 1964), cert. denied, 247 La. 416,171 So.2d 668 (1965); Maryland, Burwell v. Easton Memorial Hospital,83 Md. App. 684, 577 A.2d 394 (1990); Minnesota, Sulack v. CharlesT. Miller Hospital, 282 Minn. 395, 165 N.W.2d 207 (1969); Missouri, Willis v. Springfield Osteopathic Hospital,804 S.W.2d 416 (Mo.App. 1991); Nebraska, Syas v. Nebraska MethodistHospital Foundation, 209 Neb. 201, 307 N.W.2d 112 (1981); New York, Lesyk v. Park Avenue Hospital, Inc., 29 A.D.2d 1043,289 N.Y.S.2d 873 (1968); North Carolina, Pulley v. RexHospital, 326 N.C. 701, 392 S.E.2d 380 (1990); Ohio, Stinson v.Cleveland Clinic Foundation, 37 Ohio App.3d 146, 524 N.E.2d 898
(1987); Oklahoma, Sutherland v. Saint Francis Hospital, Inc.,595 P.2d 780 (Okla. 1979); Oregon, Anderson v. Oregon CityHospital Co., 214 Or. 212, 328 P.2d 769 (1958); South Carolina,Henderson v. St. Francis Community Hospital, 303 S.C. 177,399 S.E.2d 767 (1990); South Dakota, Small v. McKennan Hospital,437 N.W.2d 194 (S.D. 1989); Texas, Gunn v. Harris MethodistAffiliated Hospitals, 887 S.W.2d 248 (Tex.App. 1994); Virginia,Medical Center Hospitals v. Sharpless, 229 Va. 496,331 S.E.2d 405 (1985); and the District of Columbia, Person v. Children'sHospital National Medical Center, 562 A.2d 648 (D.C.App. 1989). A legal encyclopedia notes:
 "The courts have recognized that a hospital visitor, at least where he calls during regular visiting hours and as long as he remains in those parts of the premises open to such visitors, is an invitee to whom the hospital owes the duty of exercising ordinary care for his safety."
40 Am.Jur.2d Hospitals and Asylums, § 35, p. 876 (1968).
For the reasons stated above, we conclude that the Court of Civil Appeals erred in affirming the trial court's conclusion that Mozelle Wooten was, as a matter of law, a licensee, not an invitee. However, the Court of Civil Appeals properly held: "[F]urther, [SEAMC] made a prima facie showing that it had not in any way acted negligently. Wooten did not rebut this prima facie showing with substantial evidence." 681 So.2d at 149. The record substantiates the conclusion by the Court of Civil Appeals that the summary judgment in favor of SEAMC should be affirmed.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., concurs specially.
MADDOX, J., concurs in the result.