McNULTY, Judge.
In this slip-and-fall negligence action, Mrs. Carrington, plaintiff below, testified that she had attended the ordination of her grandson into the ministry at the church building of appellant. She had been asked to bring some cookies for the post-ordination amenities, and, after entering the church and proceeding to the reception area with the cookies, she slipped and fell on a slippery portion of the floor which she described as “real shiny, and [with a] heavy wax buildup.” Judgment for plaintiff in the sum of $6,000.00 was entered on a jury verdict and this appeal ensued. We reverse.
The complaint was grounded on “wilful and wanton” negligence on the part of appellant’s agents and servants, which in turn was predicated on their alleged knowledge of a latent, undiscoverable dangerous condition and a failure to warn. It’s agreed that if plaintiff was an invitee the foregoing degree of culpability would not have been necessary to sustain a judgment in appellee’s favor;[1] but if she was a mere licensee then it was imperative.[2] In this regard, the complaint does not allege whether plaintiff was an invitee or licensee, but by alleging a breach of the lower standard of care, and thus the greater act of negligence, the plaintiff was in effect hedging her bet so as to rely on either. At the close of all the testimony and apparently because of some evidence that plaintiff was asked by the appellant church to bring the cookies (thereby raising a question in the court’s mind as to whether plaintiff was on the premises for her own benefit or for the church’s), the court submitted the issue of status to the jury. It was error to do so.
First of all, considering the evidence in the light most favorable to appel-lee, we think that she was a licensee as a matter of law. This is so regardless of whether or not she was asked to bring cookies by any agents or servants of the church and whether or not she was injured in pursuance of such a request. In essence, the very nature of all the services and festivities in the appellant church building on the day of the accident was socio-religious; and, in a legal sense, they were conducted essentially for the “benefit” of the newly ordained minister and his family, not for the church. To the extent that the church benefitted at all, such benefit was not a material or commercial one, as it must be in order to raise a licensee’s status to an “invitee” and to impose the greater degree of care for his safety. The rule was stated by our Supreme Court in McNulty v. Hurley,[3] i. e., “ * * * [the required] benefit must be of a material or commercial rather than of a spiritual, religious or social nature.” Accordingly, we can see no other view of the facts than that plaintiff was a licensee.
The trial court should have so decided this issue as a matter of law, and should not have submitted the issue of status to *734 the jury. By doing so, and notwithstanding that the court charged the jury on the two degrees of care required of appellant (depending upon whether plaintiff was an invitee or licensee), and even assuming, without deciding, that there was sufficient evidence to support a finding of wilful and wanton negligence, it is now impossible to say whether the jury found the plaintiff to have been an invitee rather than a licensee and thus held appellant to the higher degree of care. For this reason the error found was prejudicial and requires that a new trial be awarded. In view of this disposition hereof we find we need not now discuss the other points raised on this appeal.
Reversed.
LILES, A. C. J., and MANN, J., concur.

. See McNulty v. Hurley (Fla.1957), 97 So.2d 185; Waterman v. Graham (Fla. App.2d 1969), 228 So.2d 925; and 23 Fla. Jur., Negl., § 45.

. McNulty v. Hurley, id., and Waterman v. Graham, id.; and 23 Fla.Jur., Negl., § 52.

. See, n. 1, supra.