LARRY TURPIN v. OUR LADY OF MERCY CATHOLIC CHURCH

No. 7421SC89

(Filed 6 February 1974)

**Negligence § 59— basketball player on church court — licensee — absence of wilful or wanton act**

> Plaintiff, basketball player in an industrial league, was a licensee and not an invitee while playing a practice game on a court in a gymnasium owned by defendant church after a member of the church had been granted permission for plaintiff's team to practice in the church's gymnasium since there was no mutuality of interest; consequently, defendant would not be liable for injuries received by plaintiff when he crashed through a glass door at the end of the court after running down the court on a fast break because plaintiff's injuries were not caused by any wilful, wanton or reckless act on the part of defendant.

APPEAL by plaintiff from *Crissman, Judge,* 17 September 1973 Session of Superior Court held in FORSYTH County.

Civil action for damages for personal injuries sustained by plaintiff while playing basketball on defendant's court. Plaintiff's arm was cut when he crashed through the glass in a door at the end of the court after running down the court on a fast break. Plaintiff alleged defendant was negligent in failing to provide a proper protective cage over the window in the door and in failing to warn plaintiff of the removal of a protective cage previously on the door. Defendant denied negligence and pled plaintiff's contributory negligence. After adversely examining plaintiff, defendant moved for summary judgment on the basis of the facts shown by the pleadings, by plaintiff's deposition, and by an affidavit of The Reverend Monsignor Newman of defendant church. These, supplemented by testimony of Monsignor Newman presented by plaintiff at the hearing, show no genuine issue as to the following facts:

Defendant church maintained a gym and basketball court primarily for use by the church school. The court was not open for use by the general public, though on occasion nonmembers of the church were granted permission to use it without charge. In 1971 plaintiff played basketball in an industrial league in Winston-Salem. He was not a member of defendant church and did not know if any member of his team was a church member. Plaintiff's team needed a place to practice. Permission for use of the church basketball court for this purpose was granted by

one of the Sisters to a Mr. Laycock, who was a church member and whose wife was employed as a regular teacher at the church school. Mr. Laycock was a member of one of the basketball teams in the industrial league and had occasionally assisted, on a volunteer and unpaid basis, in coaching one of the younger intramural teams at the church school.

On 15 March 1971 plaintiff's team played a practice game with one of the other teams in the industrial league at defendant's court, this being the second or third time they had been there. The court was regulation length. At one end there was a stage and at the other a wall about four feet back from the playing surface. Midway between the basket and the outside boundary on the right side of the court, there was a door in the wall.

Defendant made a fast break from the basket at the end of the court where the stage was and went down the right side of the court toward the basket at the opposite end. He ran full speed down the court, looking back to catch the pass. When he turned around, he was already at the end of the court. He let the ball go and, the wall being so close, ran up the wall and put his hands out to try to stop. As he did so, his left arm went through the glass in the door, resulting in his injuries. A wire grill, which ordinarily covered the door, had been removed sometime previously when the door was painted, and this screen had not been replaced. The church provided mattresses, which were piled up in the gym, and when church teams played these were pulled up to cover the door to prevent anyone from getting hurt.

The court granted defendant's motion for summary judgment and plaintiff appealed.

*Wilson & Morrow by John F. Morrow for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by R. M. Stockton, Jr. and James H. Kelly, Jr. for defendant appellee.*

PARKER, Judge.

Under facts shown as to which there was no genuine issue, plaintiff was a licensee and not an invitee on defendant's premises. "To constitute one an invitee of the other there must be some mutuality of interest." *Pafford v. Construction Co.*, 217 N.C. 730, 9 S.E. 2d 408. Here there was none. That one member

of a team in the league in which plaintiff played was also a member of defendant church who on occasion gave of his time assisting in coaching a church school team, merely explains how permission for use of the basketball court was obtained. It falls short of furnishing any basis for finding mutual benefit to plaintiff and defendant from plaintiff's presence on defendant's premises. Although invitation does not in itself establish the status of invitee, as witness the cases holding a social guest is a mere licensee, it is essential to it. "An invitation differs from mere permission in this: an invitation is conduct which justifies others in believing that the possessor desires them to enter the land; permission is conduct justifying others in believing that the possessor is willing that they shall enter if they desire to do so." Restatement (Second), Torts, § 332, Comment b. Here, all facts show that plaintiff was on defendant's premises by defendant's permission but not by its invitation.

In *Pafford v. Construction Co., supra*, Barnhill, J. (later C.J.), speaking for the Court, said:

> "A license involves the idea of permission on the one side—its acceptance on the other. A licensee is rightfully on the property but this right depends on the licensor's consent—consent that may be revoked at any time. He is doing what without such consent would be unlawful. The consent carries with it no more than the right to use the property in the condition in which it is found. No greater obligation is implied. A mere consent means no more. [Citation omitted.]

> \*    \*    \*    \*    \*

> "The owner or person in possession of property is ordinarily under no duty to make or keep property in a safe condition for the use of a licensee or to protect mere licensees from injury due to the condition of the property, or from damages incident to the ordinary uses to which the premises are subject. There is no duty to provide safeguards for licensees even though there are dangerous holes, pitfalls, obstructions or other conditions near to the part of the premises to which the permissive use extends. Neither is the owner or person in charge ordinarily under any duty to give licensees warning of concealed perils, although he might, by the exercise of reasonable care, have discovered the defect or danger which caused the injury. It follows that,

as a general rule, the owner or person in charge of property, is not liable for injuries to licensees due to the condition of the property, or as it has been expressed, due to passive negligence or acts of omission. [Citations omitted.] The duty imposed is to refrain from doing the licensee willful injury and from wantonly and recklessly exposing him to danger. [Citations omitted.] The licensee who enters on premises by permission only goes there at his own risk and enjoys the license subject to its concomitant perils."

Under all material facts shown, plaintiff's injuries were not caused by any willful, wanton or reckless act on the part of defendant. Summary judgment being justified on that ground, it is unnecessary for us to consider whether it would also be justified because the admitted facts establish plaintiff's contributory negligence as a matter of law. See *Clary v. Board of Education,* 19 N.C. App. 637, 199 S.E. 2d 738.

The judgment appealed from is

Affirmed.

Judges BRITT and VAUGHN concur.