RICHARD L. HOLMES, Retired . Appellate Judge.
This is a trip and fall ease.
Sandra Paige and Ernest Paige filed a complaint against Wal-Mart Stores, Inc. (Wal-Mart). The complaint stated that Mrs. Paige fell and was injured while shopping in Wal-Mart. The complaint alleged that the injuries were a result of Wal-Mart’s negligence and/or wantonness because Wal-Mart allowed an orange extension cord to be placed on the floor in its place of business without taking steps to warn customers of the hazard.
Wal-Mart filed a motion for summary judgment, along with supporting affidavits of store employees and the depositions of the Paiges. Wal-Mart also filed the depositions of Mrs. Paige’s brother and sister-in-law, who were present at the time óf her fall. The trial court granted the motion for summary judgment in favor of Wal-Mart and dismissed the action.
The Paiges appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
In order for a motion for summary judgment to be granted, the movant must meet his burden of establishing that there exists no genuine issue of a material fact and that he is entitled to a judgment as a matter of law. Stallings v. Angelica Uniform Co., 388 So.2d 942 (Ala.1980). It is well settled that once the movant has met this burden, then the burden shifts to the nonmovant, who must rebut this prima facie showing and present substantial evidence which creates a genuine issue of a material fact. Hampton v. Bruno’s, Inc., [Ms. 1920930, January 28, 1994], 1994 WL 421804 (Ala.1994). When seeking to determine whether there exists a genuine issue of a material fact, the court must view the evidence presented in a light most favorable to the nonmovant. Hampton, 1994 WL 421804, *3.
The dispositive issue in this case is whether the trial court erred in granting the motion for summary judgment in favor of Wal-Mart. The Paiges contend that there exists a genuine issue of material fact and that summary judgment was not proper in this case.
⅛ order to prevail in a premises liability ease, the plaintiff must prove certain elements. These elements are listed in Logan v. Winn-Dixie Atlanta, Inc., 594 So.2d 83, 84 (Ala.1992), as follows:
“[the plaintiff] must prove that her fall resulted from a defect or instrumentality located on the premises, that the fall was a result of the defendants’ negligence, and that the defendants had or should have had notice of the defect or instrumentality before the accident.”
Our review of the record reveals the following: On the evening of this incident, an orange extension cord was hanging from the ceiling along a structural pole and was *6 plugged into an outlet at eye level on the pole in order to light displays in this area of Wal-Mart. Mrs. Paige testified in her deposition that she tripped and fell when her right foot became entangled in this orange extension cord, which, she said, was located on the floor near the pole. Mrs. Paige further testified that she did not see the orange extension cord on the off-white floor when she entered the aisle and passed by the pole and that she did not see the orange extension cord when she tripped. Mr. Paige and Mrs. Paige’s brother both testified in their depositions that they saw the orange extension cord before Mrs. Paige fell.
Wal-Mart introduced the affidavits of two store employees. The two employees stated that five minutes before the fall, they were in this same aisle and that there was no extension cord on the floor at that time. The Paiges failed to introduce any evidence to rebut the statements in these affidavits.
After viewing all of the evidence presented to the trial court in a light most favorable to the Paiges, it is this court’s determination that the Paiges failed to present substantial evidence which created a genuine issue of a material fact. Put another way, there was no evidence, substantial or otherwise, that Wal-Mart had actual or constructive notice of the orange extension cord on the floor. However, even if one assumes that Wal-Mart had actual or constructive notice, the evidence establishes that the alleged hazard was open and obvious. Wal-Mart is under no duty to warn customers of an open and obvious hazard. Quillen v. Quillen, 388 So.2d 985 (Ala.1980).
We note that the Paiges argue on appeal that Wal-Mart was negligent in the manner in which the orange extension cord was hung from the pole. However, our review of the record does not reveal that such an argument was raised in the trial court. It is well settled that this court will not consider issues which are not raised at the trial level. Wood v. Wood, 600 So.2d 282 (Ala.Civ.App.1992).
In view of the above, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.