The plaintiffs, Bonny R. Prentiss and her husband Paul H. Prentiss, appeal from a summary judgment entered in favor of the defendant, Evergreen Presbyterian Church, in a slip and fall action.
Bonny Prentiss is a member of the Alabama Jubilee Chorus, which rehearses at Evergreen Presbyterian Church. On October 1, 1992, while rehearsing with the chorus, Bonny slipped and fell on some risers in the choir room of the Evergreen Presbyterian Church and was injured. She and her husband sued Evergreen Presbyterian Church, alleging liability for Bonny's injuries (Paul's claim was for loss of consortium). The trial court entered a summary judgment in favor of the church, holding that, as a matter of law, Bonny held the legal status of licensee of Evergreen Presbyterian Church and holding that the plaintiffs had presented no evidence of willful or wanton conduct by the church. The Prentisses appeal.
The Prentisses argue that Bonny's legal status at the time of the accident is a question for the jury to determine and that, therefore, the trial court erred in holding that Bonny was a licensee, as a matter of law. While the Prentisses recognize the general rule that the duty owed by a landowner to a licensee is to refrain from willfully or wantonly injuring the licensee and to avoid negligently injuring the licensee after becoming aware of a danger to the licensee, the Prentisses argue that this case falls within the exception to that rule stated in Frederick v. Reed, 410 So.2d 95
(Ala.Civ.App. 1982), wherein the court stated that the duty owed to a licensee also includes the duty not to expose the licensee to new hidden dangers that arise through the landowner's operative negligence. Specifically, the Prentisses contend that a "monotone floor covering" on the risers where Bonny fell created a condition in which the appearance of the depth of the steps from the risers was deceptive and that the church was negligent in having its premises constructed in such a manner.
On a motion for a summary judgment, the movant has the burden to make a prima facie showing that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. See, also, Willingham v.United Insurance Co. of America, 642 So.2d 428 (Ala. 1994), and the cases cited therein. Until the moving party has made a prima facie showing that there is no genuine issue of material fact, the burden does not shift to the opposing party to establish a genuine issue of material fact.Willingham, supra. This case was filed after June 11, 1987; accordingly, the "substantial evidence rule" applies to the ruling on the motion for summary judgment. Ala. Code 1975, § 12-21-12. In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence in support of his position. § 12-21-12(d);Betts v. McDonald's Corp., 567 So.2d 1252 (Ala. 1990). "Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989).
A person who enters land with the landowner's consent to bestow some material or commercial benefit upon the landowner holds the legal status of an invitee; a person who enters the land with the landowner's consent or as the landowner's guest but without a business purpose holds the legal status of a licensee, Hambright v. First Baptist Church-Eastwood,638 So.2d 865 (Ala. 1994). *Page 477 
A landowner owes an invitee a duty to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn the invitee of defects and dangers that are known to the landowner but are unknown or hidden to the invitee; a landowner owes a licensee a duty to abstain from willfully or wantonly injuring the licensee and to avoid negligently injuring the licensee after the landowner discovers a danger to the licensee. Hambright, supra.
This Court has held that a person attending a church service is a licensee on the church premises. See Hambright, supra; Cagle v. Johnson, 612 So.2d 1158 (Ala. 1992); and Autry v. Roebuck Park Baptist Church, 285 Ala. 76,229 So.2d 469 (1969). In Hambright, we specifically held that the attendance of a person who was not a member of the church where an accident occurred, but who was visiting that church as a member of another church's choir that had been invited to attend the church's anniversary service, did not provide a material benefit to the church she was visiting. We have never addressed the issue of the legal status of a member of a chorus or other civic group that is on church premises to rehearse or meet for other civic purposes.
In Broad Street Christian Church v. Carrington,234 So.2d 732 (Fla.Dist.Ct.App. 1970), cert. denied,238 So.2d 427 (Fla. 1970), the court held that a person attending an ordination service of a family member was a licensee as a matter of law, regardless of whether she had been asked by agents of the church to bring cookies to the church and had been injured in fulfilling that request, because the services and the festivities in the church building on the day of the accident were socio-religious and were conducted for the benefit of the newly ordained minister and his family, not for the benefit of the church. That court stated that "[t]o the extent that the church benefited at all, such a benefit was not a material or commercial one, as it must be in order to raise a licensee's status to an 'invitee' and to impose the greater degree of care for his safety." 234 So.2d at 733.
In Turpin v. Our Lady of Mercy Catholic Church,20 N.C. App. 580, 202 S.E.2d 351 (1974), the court held that a basketball player in an industrial league that had been granted permission by a church to use the church's basketball court without charge was a licensee and not an invitee, because there was no mutuality of interest.
The evidence shows that Bonny Prentiss paid to be a member of the Alabama Jubilee Chorus; that Evergreen Presbyterian Church did not request payment by the chorus for the use of its facilities, but that the chorus made donations to the church. The record also contains an affidavit by Kristin M. Miller, president of the chorus, who stated that the donations made by the chorus to the church were for the benefit of the church and were to help defray expenses incurred by the church in allowing the chorus to use its facilities. Miller also stated in her affidavit that if the church had not allowed the chorus to use its facilities, then no "payments" would have been made by the chorus.
Based on the facts before us, it is clear that, as inBroad Street Christian Church, supra, the activities in the church building on the day of Bonny's accident were being conducted for the benefit of the chorus and not for the benefit of the church. The church did not request payment by the chorus for the use of its facilities; therefore, any material benefit to the church was incidental. As inTurpin, supra, there was no mutuality of interest between the church and the injured plaintiff; therefore, we conclude that the trial court correctly held that Bonny was a licensee as a matter of law.
The church made a prima facie showing that it acted neither wantonly nor willfully in causing Bonny's injuries; further, it made a prima facie showing that it had not in any way acted negligently. The Prentisses did not rebut this prima facie showing with substantial evidence. Therefore, the trial court correctly entered the summary judgment in favor of Evergreen Presbyterian Church.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur. *Page 478