673 So.2d 765 (1995)
Rosemary DAVIDSON and Phillip Davidson
v.
HIGHLANDS UNITED METHODIST CHURCH.
2940977.
Court of Civil Appeals of Alabama.
December 15, 1995.
*766 Stephen D. Heninger of Heninger, Burge & Vargo, Birmingham, for Appellants.
Ralph D. Gaines III and Catherine L. Hogewood of Lloyd, Schreiber & Gray, Birmingham, for Appellee.
YATES, Judge.
The plaintiffs, Rosemary Davidson and her husband, Phillip Davidson, appeal from a summary judgment entered in favor of the defendant, Highlands United Methodist Church ("Highlands Church"). This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
On November 9, 1992, while rehearsing with the Birmingham Choral Guild ("Guild") on the premises of Highlands Church, Mrs. Davidson suffered injuries to her left leg and ankle when the metal risers on which she was standing collapsed. The director of the Guild, Richard Phillips, had negotiated an arrangement with Highlands Church whereby the Guild could use the church's facilities and risers for rehearsals and performances. The performances by the Guild were open to the public. The Guild did not pay Highlands Church for the use of its facilities; however, it did make occasional donations to the church.
Before the incident on November 9, the Guild had used the risers a number of times and on these occasions the members of the Guild had assembled the risers. In May 1992, the risers collapsed while the Guild was warming up for a performance; the collapse caused minor injuries to several members of the Guild. Phillips notified the secretary of Highlands Church, Jean Jones, of the incident and informed her that the Guild would assume responsibility for the medical expenses of its members who were injured. The risers in question had been used on at least three occasions between May 1992 and November 1992 without incident. The risers were disposed of by the church following the incident in November in which Mrs. Davidson was injured.
*767 On June 28, 1994, Mrs. Davidson sued Highlands Church, alleging that she had been an invitee of the church and that the church had negligently or wantonly provided defective risers for the Guild's use. Mr. Davidson asserted a claim for loss of consortium. On April 25, 1994, the trial court granted Highlands Church's motion for summary judgment; the Davidsons appeal.
In reviewing the disposition of a motion for summary judgment, we use the same standard as the trial court in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The Davidsons contend that a genuine issue of material fact exists as to whether Mrs. Davidson was an invitee of the church at the time of the accident. The courts look to the status of the injured party in relation to the defendant's land or premises in determining whether the defendant should be held liable for an injury to a visitor upon the land or premises. Copeland v. Pike Liberal Arts School, 553 So.2d 100 (Ala.1989). One who enters the land of another, with the landowner's consent, to bestow some material or commercial benefit upon the landowner is deemed an invitee of the landowner. Hambright v. First Baptist Church-Eastwood, 638 So.2d 865 (Ala.1994). "A landowner owes an invitee the duty to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn of hidden defects and dangers that are known to the landowner but that are hidden or unknown to the invitee." Id., at 868.
On the other hand, a person who enters the land of another with the landowner's consent or as the landowner's guest, but without a business purpose, holds the legal status of a licensee. Copeland, supra. "The duty owed by a landowner to a licensee is to abstain from willfully or wantonly injuring the licensee and to avoid negligently injuring the licensee after the landowner discovers a danger to the licensee." Hambright, supra, at 868; See also Autry v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469 (1969). This duty has been described as follows:
"`[A] landowner will generally owe no duty to warn a licensee of a potentially dangerous condition unless he does some positive act which creates a new hidden danger, pitfall or trap [emphasis in original], which is a condition that a person could not avoid by the use of reasonable care and skill.... The licensee's entrance on the land carries with it no right to expect the land to be made safe for his reception, but he must assume the risk of whatever may be encountered. Once he is there, the law only requires the landowner to refrain from wantonly, maliciously or intentionally injuring him; in other words, the landowner is not liable unless he does some act which goes beyond mere negligence.'"
Wright v. Alabama Power Co., 355 So.2d 322, 325 (Ala.1978) (citations omitted), as quoted in Johnson v. Harris, 585 So.2d 1349, 1352 (Ala.1991). Wantonness is "the conscious doing of some act or conscious omission of some duty by one who has knowledge of the existing conditions and who is conscious that doing, or failing to do, some act will probably result in injury." Hambright, 638 So.2d at 868.
The facts in Prentiss v. Evergreen Presbyterian Church, 644 So.2d 475 (Ala. 1994), are very similar to the facts in the present case. In Prentiss, the plaintiff was a member of a choral group that used the Evergreen Church building for its rehearsals. *768 The group did not pay the church for the use of its facilities; it did, however, make occasional contributions to the church. While rehearsing on the church premises, the plaintiff "slipped and fell" on some risers that the choral group was using. Our supreme court held:
"Based on the facts before us, it is clear that ... the activities in the church building on the day of [the plaintiff's] accident were being conducted for the benefit of the chorus and not for the benefit of the church. The church did not request payment by the chorus for the use of its facilities; therefore, any material benefit to the church was incidental.... [T]here was no mutuality of interest between the church and the injured plaintiff; therefore, we conclude that the trial court correctly held that [the plaintiff] was a licensee as a matter of law."
Id., at 477. Likewise, the activities that were being conducted on Highlands Church's premises on the day of Mrs. Davidson's accident were for the benefit of the Guild. Any benefit bestowed upon the church was merely incidental; the church received no payment from the Guild for the use of its facilities and there was no mutuality of interest between Mrs. Davidson and the Church. We conclude that the trial court did not err in holding that Mrs. Davidson was not an invitee of the church.
The Davidsons further contend that Highlands Church acted wantonly in maintaining the metal risers on its premises. As noted above, a landowner is required to refrain from wantonly, maliciously, or intentionally injuring a licensee, and a landowner generally owes no duty to warn the licensee of a potential hazard, unless the landowner has taken some action that creates a new hidden danger. The record simply does not contain substantial evidence of wantonness on the part of the church. Although the risers had collapsed while being used by the Guild in May, before Mrs. Davidson's November accident, and the church was made aware of this, the risers had been used on at least three other occasions without incident before Mrs. Davidson's accident. Further, the risers were assembled, tested for safety, and used by members of the Guild after the May incident. From these facts, one could not conclude that the risers posed a danger of which the church was aware, or that the church consciously did some act or omitted a duty that it knew would probably result in an injury.
Highlands Church made a prima facie showing that Mrs. Davidson was not an invitee of the church and that the church had not acted wantonly with regard to Mrs. Davidson. The Davidsons failed to rebut this prima facie showing by producing substantial evidence.
AFFIRMED.
THIGPEN and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and MONROE, J., dissent.
MONROE, Judge, dissenting.
I believe there are genuine issues of material fact as to whether Rosemary Davidson was an invitee or licensee of Highlands United Methodist Church and as to whether the church was wanton in failing to warn Mrs. Davidson of the earlier collapse of the risers. I do not believe summary judgment is proper in this case, therefore, I must respectfully dissent.
The majority relies on Prentiss v. Evergreen Presbyterian Church for its holding that the trial court properly entered summary judgment for the church, but this case can be distinguished from Prentiss in at least two respects. In Prentiss, the plaintiff slipped and fell from the risers; here the risers collapsed, injuring the plaintiff. And in Prentiss, there had been no earlier problem with the risers so the church had no notice of any danger to anyone using them. Here, the church knew that the risers had collapsed six months earlier. I believe that whether the church acted wantonly in failing to warn Davidson and the others of the prior collapse is a question for the finder of fact and is not the proper subject for summary judgment. I would reverse the judgment of the trial court.
ROBERTSON, P.J., concurs.