PITTMAN, Judge.
Muzaffer I. Sheikh appeals from a summary judgment entered by the Jefferson *1057 Circuit Court in favor of the Lakeshore Foundation (“Lakeshore”) in a premises-liability action. Sheikh’s complaint alleged that he had tripped and fallen over some cables stretched across the floor of Lake-shore’s exercise facility, of which he was a member, and that he had been injured as a result. The trial court entered its summary judgment on the ground that there was no basis upon which Lakeshore could be held liable because, that court opined, the cables presented a condition that was “open and obvious” as a matter of law and, thus, Lakeshore had no duty to warn Sheikh about the cables. We affirm.
The pertinent facts are, for the most part, undisputed. On May 22, 2006, Sheikh was exercising at Lakeshore’s facility when he tripped over some cables on the floor and, as a result, was injured. The cables were approximately three inches above the floor and were being used to connect a wheelchair containing another person who was also exercising to an exercise machine. At the time of the incident, the person in the wheelchair had turned so that his back was toward the machine; the cables were stretched across the floor from the back of the wheelchair to the machine. Sheikh tripped while walking between the wheelchair and the machine.
Sheikh filed this action in the Jefferson Circuit Court seeking to recover damages for his injuries. Sheikh asserted that he had exercised at Lakeshore’s facility nearly 500 times throughout the 4 years before the incident but that he had never seen the cables before. Sheikh further claimed that a Lakeshore employee who had been monitoring the occupant of the wheelchair at the time of the incident had failed to warn Sheikh about the cables.[1] Lakeshore filed an answer arguing that Sheikh’s own negligence had contributed to his injuries; that the cables were not a dangerous condition; and that, even if the cables were a dangerous condition, the cables nonetheless constituted an “open and obvious” condition. Alternatively, Lakeshore argued that Sheikh had signed a release and indemnity agreement that relieved it of liability and barred Sheikh from recovering for his injuries.[2]
After pretrial discovery was completed, Lakeshore sought a summary judgment in its favor. Lakeshore attached as evidence to its motion colored photographs of a wheelchair connected to an exercise machine in its facility. Although Lakeshore did not dispute Sheikh’s claim that he had never seen those cables in the facility, it averred that the cables were integral to its environment. Sheikh filed a reply in opposition. Upon its review of the filings, the trial court entered a summary judgment in favor of Lakeshore, opining that the cables were “open and obvious” as a matter of law. Sheikh appealed to the Alabama Supreme Court. The appeal was transferred to this court under Ala.Code 1975, § 12-2-7(6).
The issue raised on appeal is whether the trial court erred in entering a summary judgment in favor of Lakeshore on the basis that the cables presented a dangerous condition that was “open and obvious” as a matter of law. We review the decision of the trial court de novo, with no presumption of correctness. Ex parte Neese, 819 So.2d 584, 587 (Ala.2001) (“We *1058 apply the same standard of review as the trial court in determining whether the evidence presented to [that court showed] the existence of a genuine issue of material fact.”) (quoting Northwest Florida Truss, Inc. v. Baldwin County Comm’n, 782 So.2d 274, 276 (Ala.2000)).
Summary judgment is appropriately granted when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Rule 56(c)(3), Ala. R. Civ. P. Once a party seeking summary judgment makes a prima facie case that there is no genuine issue of material fact, it then becomes the nonmoving party’s burden to present “substantial evidence” otherwise. Miller v. Archstone Communities Trust, 797 So.2d 1099, 1100-01 (Ala.Civ.App.2001) (citing Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 798 (Ala.1989)). “Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Miller, 797 So.2d at 1101 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). We are required to construe the record in favor of the nonmoving party and to “resolve all reasonable doubts against the [moving party].” Miller, 797 So.2d at 1101 (citing Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990)); see also Ex parte Neese, 819 So.2d at 587 (quoting Bechtel v. Crown Cent. Petroleum Corp., 495 So.2d 1052, 1053 (Ala.1986)).
Sheikh asserts that Lakeshore created a dangerous condition when it used cables to connect a person’s wheelchair to a exercise machine in the exercise facility. He argues that Lakeshore should have warned him of the cables and contends that Lake-shore’s failure to warn him proximately caused him to trip over the cables and become injured. Sheikh argues that the trial court’s judgment should be reversed because, he claims, Lakeshore did not explain why it did not warn him about the cables, Lakeshore did not show that he should have appreciated the risk created by the cables, and Lakeshore adduced no evidence to disprove his position that he had no reason to anticipate the presence of the cables.
Our first step in analyzing the question presented is to consider the relationship between Lakeshore and Sheikh; our second step is to determine the duty, if any, owed by Lakeshore to Sheikh. See Cotten v. St. Bernard Preparatory Sch., 20 So.3d 157, 160 (Ala.Civ.App.2009) (quoting Christian v. Kenneth Chandler Constr. Co., 658 So.2d 408, 410 (Ala.1995) (stating that a landowner’s duty to a party who has been injured on his or her land depends on the relationship between the injured party and the land)). Both parties agree that Sheikh was an invitee when he entered Lakeshore. The following rule regarding a invitor’s duty to an invitee, articulated in Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 63, 173 So. 388, 391 (1937), is well settled:
“This court is firmly committed to the proposition that the occupant of premises is bound to use reasonable care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, expressed or implied, for the transaction of business, or for any other purpose beneficial to him; or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. Geis v. Ten *1059 nessee Coal, Iron & R.R. Co., 143 Ala. 299, 39 So. 301 [ (1905) ].
“This rule ... also includes (a) the duty to warn an invitee of danger, of which he knows, or ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable care to have the premises to which he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation.
“In determining whether such care has been exercised, it is proper to consider the uses and purposes for which the property in question is primarily intended.”
In Lamson, the court reversed a trial court’s judgment finding a mechanic shop liable for negligence when a delivery man, who had previously made 3 or 4 deliveries to similar shops and was admittedly familiar with the environment, tripped over a hose on the shop’s floor. The court stated:
“ ‘The duty to keep premises safe for invitees applies only to defects and conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.’ ”
Lamson, 234 Ala. at 63, 173 So. at 391 (quoting 45 C.J. § 244, p. 837). “[T]he focus of our premises liability law is not on the care that may have been exercised by the invitee ..., but on relieving a premises owner of a legal liability where an invitee knew of the danger that caused the injury or should have observed that danger through the exercise of reasonable care.” Ex parte Industrial Distribution Servs. Warehouse, 709 So.2d 16, 20-21 (Ala.1997) (emphasis added). In Jones Food Co. v. Shipman, 981 So.2d 355, 362 (Ala.2006), the Alabama Supreme Court held that “an objective standard [is applied] to assess whether a hazard is open and obvious” and that, in applying that standard, “the question is whether the danger should have been observed, not whether in fact it was consciously appreciated.” 981 So.2d at 362. That opinion further explained:
“ ‘[I]n order for a defendant-invitor in a premises-liability case to win a summary judgment or a judgment as a matter of law grounded on the absence of a duty on the invitor to eliminate open and obvious hazards or to warn the invitee about them, the record need not contain undisputed evidence that the plaintiff-invitee consciously appreciated the danger at the moment of the mishap.... [The Alabama Supreme] Court has expressly rejected the notion that an invitor owes a duty to eliminate open and obvious hazards or to warn the invitee about them if the invitor “should anticipate the harm despite such knowledge or obviousness.” Ex parte Gold Kist, Inc., 686 So.2d 260, 261 (Ala.1996).
Jones Food, 981 So.2d at 362-63 (quoting Sessions v. Nonnenmann, 842 So.2d 649, 653-54 (Ala.2002)) (emphasis omitted); see also Ex parte Gold Kist, Inc., supra (reversing various appellate decisions and expressly declining to adopt, as a correct statement of law, the notion that an invitor is liable to its invitees for physical harm caused to them by any known or obvious activity or condition on the land when the invitor “should anticipate the harm despite such knowledge or obviousness”).
*1060 The facts of Lamson parallel the facts of this case. Like the plaintiff in Lamson, Sheikh admitted that he was familiar with Lakeshore’s facility and the evidence showed that he had exercised at Lakeshore nearly 500 times over a period of 4 years. Additionally, Lakeshore submitted colored photographs of a wheelchair connected to an exercise machine by cables, a practice that is, Lakeshore avers, routinely done at their facility, which is accessible to handicapped persons and serves as a rehabilitative center. The photographs show that the color of the cables contrasts distinctively with the color of the underlying carpet.
Sheikh argues that he had never seen a wheelchair connected to a machine by cables before the incident in which he was injured. Sheikh analogizes his situation to the plaintiffs situation in Cotten, supra, but the facts here are distinguishable from the facts of that case. In Cotten, the plaintiff presented “substantial evidence” that precluded a determination that the tripping hazard, an uneven sidewalk, was “open and obvious” as a matter of law because witnesses testified that the uneven sidewalk had occurred as a result of natural causes, that it had not been visible to other people who had used the sidewalk that day, and that the uneven sidewalk would have been repaired if it had been previously discovered. 20 So.3d at 162.
In further support of his position, Sheikh distinguishes Dolgencorp, Inc. v. Taylor, 28 So.3d 737 (Ala.2009), a case in which the Alabama Supreme Court reversed a judgment on a jury verdict in favor of an invitee and held that certain boxes of merchandise, which were owned by the invitor and over which the invitee in that case had tripped, were “open and obvious” as a matter of law. 28 So.3d at 745-746. In Dolgencorp, the supreme court’s review of the evidence revealed that the boxes were in plain view of store customers and that the plaintiff-invitee, who admittedly frequented the store, was on notice of the “cluttered” condition of the store. Sheikh argues that the present case differs from Dolgencorp because Lakeshore’s facility is not “historically cluttered”; thus, he says, a genuine issue of material fact exists as to whether the cables were open and obvious. We reject Sheikh’s arguments.
In this case, the evidence of Sheikh’s frequent prior use of the Lakeshore facility, coupled with the colored photographs of the cables that were submitted in support of the summary-judgment motion, made a prima facie showing that the condition of which Sheikh complains was “open and obvious” such that Lakeshore owed no duty to warn Sheikh of the cables. In response, Sheikh failed to present “substantial evidence” indicating that there exists a genuine issue of material fact as to the issue of openness and obviousness. See Ex parte Neese, 819 So.2d at 590 (affirming a trial court’s judgment determining that a wet doormat was an open and obvious condition on invitor’s property when invitee had visited weekly for many years and had admitted to having avoided stepping onto the doormat on the day of her injury out of precaution because it had been raining).
The cables were shown by Lake-shore to be a condition that a reasonable person would have observed and thereafter appreciated. Although Sheikh claims that he had never seen a wheelchair hooked up to a machine with the cables before, and even though there was room between the machine and the wheelchair through which Sheikh could pass, a reasonable person using Lakeshore’s exercise facility would be expected to watch where he or she is going and to be aware of certain hazards that may exist below eye *1061 level over which he or she might trip, such as heavy dumbbells, loose towels, free weights, gym bags, mats, iron or metal benches, electric-fan cords, water bottles, personal belongings of other invitees, etc. In that respect, the facts of this case parallel those in Dolgencorp, rather than permit a distinction to be drawn from that ease as suggested in Sheikh’s brief. An invitor exercise facility has no duty to warn invitees of commonplace tripping hazards that are open and obvious. Although we acknowledge that the cables were connected to the machine by a Lakeshore employee, that fact, standing alone, is insufficient to impose a duty to warn on Lakeshore. Here, Lakeshore had no duty to warn Sheikh of the cables over which he tripped. The facts of this case are similar to the facts of Paige v. Wal-Mart Stores, Inc., 638 So.2d 4 (Ala.Civ.App.1994), in which we concluded that the defendant-invitor in that case had no duty to warn an invitee of an orange extension cord over which the invitee had claimed to have tripped because the presence of an orange cord on an off-white colored floor established the existence of a condition that was “open and obvious” as a matter of law. 638 So.2d at 6.
Additionally, Sheikh argues that the trial court’s entry of a summary judgment contravenes Alabama precedent because, he avers, the question whether a dangerous condition is “open and obvious” is frequently stated as being one properly determined by a jury. In support of his argument, Sheikh cites several cases in which, he claims, Alabama appellate courts have rejected the notion that issues of “open and obviousness” can be determined as a matter of law. Those cases are distinguishable from the present case because, in each of those cases, the court determined that a reasonable person would not have been on notice, or would not have seen or otherwise anticipated, the hazardous condition at issue.[3]
The proper formulation upon which Sheikh relies is that “ ‘[qjuestions of openness and obviousness of a defect or danger and of an [invitee’s] knowledge are generally not to be resolved on a motion for summary judgment.’ ” Ex parte Kraatz, 775 So.2d 801, 804 (Ala.2000) (quoting Harding v. Pierce Hardy Real Estate, 628 So.2d 461, 463 (Ala.1993)) (emphasis added). Appellate courts have concluded that conditions may be “open and obvious” as a matter of law in certain situations similar to the facts of the present case. For example, total darkness has been held to be a condition “sufficient to put reasonable people on notice of a substantial risk of concealed hazards.” Owens v. National Sec. of Alabama, Inc., 454 So.2d 1387, 1390 (Ala.1984). Also, certain conditions have been held to be “open and *1062 obvious” as a matter of law when the injured party was a subcontractor and was injured while using machinery that was known to him to be defective and potentially injurious. See W.G. Yates & Sons, Inc. v. Burkhardt, 61 So.3d 1095, 1097 (Ala.Civ.App.2010); see also Heath v. Sims Bros. Constr. Co., 529 So.2d 994, 995 (Ala.1988) (general contractor was not liable for a subcontractor’s injuries after a wheel of a scaffold fell into a hole, of which subcontractor was aware), and Sessions, 842 So.2d at 651-52 (general contractor was not liable for a subcontractor’s injuries resulting from falling through a stairwell when stairwell was unguarded, which put subcontractor on notice that stairwell was an “open and obvious” dangerous condition). Similar to a person entering into an area of total darkness or a subcontractor with notice of a condition, a person utilizing an exercise facility is on notice to watch his or her path of travel because, as mentioned above, there are many potential small hazards below eye level inherently present at an exercise facility that may be present in his or her path.
Based on the foregoing facts and authorities, we conclude that the trial court did not err. Therefore, we affirm the summary judgment in favor of Lakeshore.
AFFIRMED.
THOMPSON, P. J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. In his deposition, the Lakeshore employee admitted that he had failed to warn Sheikh about the cables.

. Because we affirm on the basis that the cables were an "open and obvious” condition, we need not address Lakeshore’s argument that the release and indemnity agreement relieves it of liability and bars Sheikh from recovery.

. Cf. Ex parte Kraatz, 775 So.2d 801 (Ala. 2000) (an unmarked speed bump that was not visible in dim light, as opposed to total darkness (which would put a person on notice of hazardous risks), was not "open and obvious” as a matter of law); Denmark v. Mercantile Stores Co., 844 So.2d 1189, 1193 (Ala.2002) (a roll of garment bags left by mistake in the aisle of a clothing store was not "open and obvious” as a matter of law when invitee might not have seen the bags before falling); Home v. Gregerson's Foods, Inc., 849 So.2d 173, 175-77 (Ala.Civ.App.2002) (standing water in a grocery-store aisle was not "open and obvious” as a matter of law when invitee could not see it until she was standing in it); Howard v. Andy's Store for Men, 757 So.2d 1208, 1210 (Ala.Civ.App.2000) (an engineer’s testimony that an average person would not appreciate the danger posed by an uneven sidewalk was "substantial evidence” that the uneven sidewalk was not "open and obvious” as a matter of law); Harley v. Bruno’s Supermarkets, Inc., 888 So.2d 525, 526 (Ala.Civ. App.2004) (a curb painted yellow was not "open and obvious” as a matter of law when it was surrounded by fire-lane stripes, also painted yellow).